JOHN B. ANDERSON ET AL., PARTNERS, &c., v. ODD FEL-
LOWS HALL ASSOCIATION OF JERSEY CITY.

Submitted December 6, 1912—Decided March 14, 1913.

1. Where a building contract contained a clause by which the parties agreed to refer certain specified disputes to arbitration— *Held*, that the reference to arbitration was thus made a condition precedent to the commencement of a suit to settle the questions agreed to be arbitrated.
2. The rule of damages where a building has been substantially completed according to contract, but is defective in some particulars, is declared by the Court of Errors and Appeals, in *Feeney* v. *Bardsley*, 37 *Vroom* 240, to be the cost of making good the omitted or defective work, and a direction of the trial court that the damage allowable under such circumstances, was the difference in value between the completed work, and the work as it should have been performed under the contract—*Held*, erroneous.

On appeal from the Jersey City District Court.

Before Justices TRENCHARD and MINTURN.

For the plaintiffs, *Merritt Lane.*

For the defendant, *Melosh & Morten.*

The opinion of the court was delivered by

MINTURN, J. Suit was brought by the plaintiffs to recover from defendant the amount of a claim for extra work alleged to have been performed by plaintiffs, and arising out of the erection of a hall upon defendant's land in Jersey City.

The contract for the erection of the building was in writing and under seal. Defendant filed a recoupment alleging failure of plaintiffs to perform their contract by failing to lay the floor of the banquet hall in the manner provided by the contract, and the plans and specifications.

The contract provided that the work should be performed under the direction of a committee of three men, appointed by the parties. It also contained a provision that in case of the failure of the parties to the agreement to agree "in relation to matters of payment, allowance or loss," the disputes should be referred to three arbitrators selected by the parties and the committee.

Various questions were mooted at the trial, which have been presented to us by exceptions taken by the defendant against which judgment was awarded by the District Court. We are concerned with two only of the questions thus raised, because we have concluded that upon one at least the ruling of the trial court was clearly erroneous. The contract being in evidence, and this dispute being obviously a difference between the parties "in relation to matters of payment, allowance or loss," which under article 12 of the contract was referable to arbitration, the defendant insisted that inasmuch as there was no evidence in plaintiffs' behalf tending to show an attempt upon their part to comply with this provision of the contract, this action was not maintainable. The trial court refused the request to nonsuit upon that ground, and the legal correctness of that ruling is before us upon exception.

The question has never been squarely before the courts of this state, although on at least two occasions it was inferentially dealt with by this court.

In *Boyd* v. *Meighan,* 19 *Vroom* 404, the question, while presented by the record and raised in the case, was not made

the basis of decision, as the court found it unnecessary to say more than that such a clause did not apply to a condition where the owner ignoring his contract obligations refused to allow the contractor to proceed with the work; but was intended to apply only to "contingencies arising during the work under the contract."

*Wolff* v. *Insurance Company*, 21 *Vroom* 453, was a suit for damages upon a policy of insurance, to which the defendant pleaded the usual arbitration clause in such policies, and alleged a pending arbitration upon which no award had been made. This court, by Chief Justice Beasley, upon demurrer to the plea sustained the plea, and said: "Such an agreement is both legal and reasonable, and it is not perceived that any authority exists which holds a contrary doctrine. There are, it is true, decisions to the effect that a clause merely declaring that if the parties shall disagree as to the amount of the loss, such difference shall be arbitrated, does not create a condition precedent, but this is for the reason that it is not made such by the terms of the contract."

In the case at bar arbitration seems to be provided for throughout the contract and specifications, as the practical *modus operandi* of determining disputes between the parties.

It is indisputable that the policy of the earlier decisions of the courts was to discountenance arbitrations as conditions precedent to an action at law, upon the theory that the effect of such agreements was to deprive the ordinary judicial tribunals of the power of determining controversies, and thus practically superseding them in the disposition of litigation; but as the learned editor in 3 *Cyc.* 586 remarks: "This hostility, however, has long since disappeared, and by reason of the fact that the proceeding represents a method of the parties own choice, and furnishes a more expeditious and less expensive means of settling controversies than the ordinary course of regular judicial proceedings, it is the policy of the law to favor arbitration."

To the same effect are the comments of Vice Chancellor Van Fleet, in *Leslie* v. *Leslie*, 5 *Dick. Ch. Rep.* 103. A thorough and concise review of the history of the law and the

tendency and trend of modern legal learning upon this subject is presented in the opinion of Judge Grier, in the Federal Court of Appeals, in *Fox* v. *Hempfield Ry. Co., Fed. Cas.* 5010.

In that case the covenant between the parties provided for an arbitration which "shall be final and conclusive," and the parties expressly waived any right of action at law. The clear intent of the agreement therefore was to oust the courts of jurisdiction, by substituting for the legal forum a system of arbitration. Under the earlier decisions such an agreement would be indubitably stamped with disapproval, as contrary to public policy.

But in the determination of the case, the court quotes the language of Lord Campbell in *Scott* v. *Avery,* 8 *Exch.* 487. "What pretence can there be for saying that there is anything contrary to public policy in allowing parties to contract that they shall not be liable to any action, until their liability has been ascertained by a domestic and private tribunal upon which they themselves agree? Can the public be injured by it? It seems to me that it would be a most inexpedient encroachment upon the liberty of the subject, if he were not allowed to enter into such a contract."

The court characterized the old law as "an obsolete dogma" and concluded that such a covenant should be liberally construed, and not subjected to ingenuous criticism, in order to support the jurisdiction of courts of law, and encourage litigation.

We are not, however, in the case *sub judice,* required to go to that length or to consider that aspect of an arbitration which is intended, *in hæc verba,* to oust the courts of jurisdiction; and we refer to it at all for the purpose of presenting the state of the judicial mind, and the trend of modern legal opinion upon the subject of the public policy, which while sporadic in character, heretofore militated against it.

The agreement before us, however, contains no such language, but is intended simply to bring about a settlement of the respective claims of the parties, with the view of arranging a settlement of the same as a condition precedent to a

resort by the parties to the courts of law. In the consideration of this phase of the question, the rule deduced from a consideration of the modern cases seems to be as follows: The parties to a contract may agree to impose as a condition precedent to any right of action, that with respect of the liability to pay, the mode of settling the amount to be paid, or the time for paying the same, an arbitration shall first be held, and that in respect to such agreements the rule is that if the agreement is in such terms that a reference is a condition precedent to the right of the party to maintain an action, he is not entitled to maintain it until that condition is complied with; but if the agreement is to pay with a subsequent agreement to refer the question to arbitration, contained in a distinct clause, collateral to the other, the agreement to refer does not oust the jurisdiction of the courts in the first instance. 3 *Cyc.* 596, and cases cited.

Construed in the light of this legal principle we think the twelfth clause of the contract between the parties to this action contained all the essentials for a reference to arbitration, as a condition precedent to the institution of an action to recover the amount claimed, and that the trial court should have directed a nonsuit upon that ground.

The contract must be read as an entirety. The principle of arbitration permeates the whole scheme and every section of it is so correlated and interwoven with one another, as to leave no doubt that what the parties contemplated in case of controversy such as this case presents, was its settlement by arbitration, at least before any resort would be made to the courts of law.

Another exception taken by the defendant was directed to the measure of damages. The court excluded testimony offered by the defendant for the purpose of showing the cost of placing the floor in the banquet hall in the condition required by the contract, and the plans and specifications; and testimony was offered substantially to support the claim of recoupment, which the defendant had alleged in its pleading; the contention being that the measure of damages was the cost of placing the floor in the banquet hall in the condition con-

tracted for. We think this ruling was erroneous and that the testimony should have been admitted.

The Court of Errors and Appeals, in an opinion by Mr. Justice Van Syckel, has declared the rule in such cases to be that if the contractor has substantially performed his contract, even though he has failed to do so in some minor particular, he is entitled to recover the contract price, less what will be a fair allowance to the owner to make good the defects as contemplated by the contract. *Feeney* v. *Bardsley,* 37 *Vroom* 240.

For these errors manifest in the record, the judgment must be reversed.