## CITY OF HUNTINGTON *v.* MITTEN.

[No. 21,959. Filed November 21, 1911.]

1. APPEAL.—*Briefs.—Omission of Points.*—Appellant's failure to state in its brief any proposition or points challenging the sufficiency of the questioned complaint waives any error in the ruling thereon. p. 486.

2. APPEAL.—*Failure to Except to Conclusions of Law.*—Appellant's failure in the trial court to except to any of the conclusions of law precludes the raising of any questions thereon on appeal. p. 486.

3. APPEAL.—*Briefs.—Omission of Points.*—Appellant's failure in its brief to present any reason or authority in support of its paragraph of answer to which a demurrer had been sustained waives any error in such ruling. p. 486.

4. APPEAL.—*Briefs.—Failure to Present Questions.*—Appellant's failure in its brief to present any question raised in the assignment of errors is fatal to such assignments. p. 486.

5. APPEAL.—*Failure to Present Questions.—Affirmance.*—Where appellant has failed to present any question, the judgment will be affirmed. p. 486.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Lewis C. Mitten against the City of Huntington. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Emmett O. King* and *Cline & Cline,* for appellant.
*Lesh & Lesh,* for appellee.

MORRIS, J.—Appellee sued appellant for breach of a building contract. From a judgment for appellee this appeal is prosecuted. There was a special finding of facts and conclusions of law thereon.

A demurrer to the complaint, for want of sufficient facts, was overruled by the lower court, and that action is here assigned as error. Appellant has also assigned as

1. error the insufficiency of the facts alleged in the complaint.

Appellant, under rule twenty-two of this court, has waived its right to a consideration of the complaint by its failure to state in its brief any proposition or point challenging the sufficiency of the complaint.

Appellant earnestly contends that the lower court erred in its conclusions of law on the facts found, and has challenged their correctness by a proper assignment here;

2. but appellee contends that this court cannot consider this alleged error, for the reason that appellant did not, in the circuit court, except to any conclusion of law stated. The record does not show that appellant reserved any exception to any conclusion of law. This court does not consider alleged errors in such cases, unless the aggrieved party has reserved an exception when the finding and conclusions were filed. Ewbank's Manual §24.

The lower court sustained appellee's demurrer to the second paragraph of appellant's answer, and this ruling is assigned as error. Appellant has waived its right to

3. a consideration of this question by its failure to present in its brief any reason or authority in support of its assignment of error. Ewbank's Manual §21.

Appellant finally has assigned as error the action

4. of the court in overruling its motion for a new trial. The question is not presented in appellant's brief, and consequently cannot be considered.

Appellee filed a motion to dismiss the appeal, but,

5. in view of the conclusion reached by the court, it is not necessary to consider the motion.

There is no reversible error in the record.    Judgment affirmed.