American, etc., Tin Plate Co. *v.* Yonan—59 Ind. App. 700.

## AMERICAN SHEET AND TIN PLATE COMPANY *v.* YONAN.

[No. 8,755.   Filed October 29, 1915.]

1. APPEAL.—*Presenting Error.—Burden.*—The burden is upon appellant to show reversible error.   p. 703.

2. APPEAL.—*Briefs.—Assignment of Errors.*—Under Rule 22 the court must ignore any alleged error not referred to in the points and authorities contained in appellant's brief.   p. 703.

3. APPEAL.—*Briefs.—Points and Authorities.*—The mere statement of an abstract proposition of law under the heading "points and authorities" in no way addressed to, or applied to, any particular error relied on for reversal, presents no question on the overruling of a motion for new trial containing several grounds to which such propositions may apply, but if only one error is relied on all propositions will be regarded as referring thereto. p. 703.

4. APPEAL.—*Briefs.—Points and Authorities.*—Where a proposition set out in appellant's brief contained no reference to any error relied on, merely stating that the alleged contract sued on was so indefinite and uncertain that it was unenforceable, the court could assume, in view of the fact that the complaint was not challenged, that it was intended to challenge the decision of the trial court as not being sustained by sufficient evidence in that the contract offered in evidence was so vague, indefinite and ambiguous that the trial court could not have known what was intended and agreed on by the parties.   p. 704.

5. CONTRACTS.—*Validity.—Evidence.*—Where there was evidence to show that both parties to the contract sued on understood what was intended by its terms, and that plaintiff had partly performed, and there was also evidence tending to show how both parties had construed the contract as affecting such part performance, the evidence was sufficient to enable the trial court to ascertain all the essential elements, terms and conditions of such contract to which the parties intended to bind themselves, and hence sufficient to support the court's decision thereon.   p. 704.

6. APPEAL.—*Review.—Findings.—Conclusiveness.*—Where the evidence is conflicting on the questions of fact as to which the finding of the trial court is challenged, the finding can not be disturbed.   p. 704.

From Lake Circuit Court; *Johannes Kopelke*, Judge.

Action by Joseph Yonan against the American Sheet and

Tin Plate Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Knapp & Campbell, L. L. Bomberger* and *Charles P. Schwartz,* for appellant.

*Robert M. Davis* and *Oliver Starr,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action brought by him to recover damages for breach of contract. The overruling of appellant's motion for a new trial is the only error assigned and relied on for reversal. Hence, for the purpose of the questions presented by the appeal, it will only be necessary to indicate in a general way the scope and character of the pleadings.

The complaint is in three paragraphs, each based on a written contract which reads as follows:

"Gary, Indiana, September 12, 1911. The labor contract for painting of all the houses under construction and others to be constructed hereafter, belonging to the American Sheet and Tin Plate Company at Gary, Indiana. The American Sheet and Tin Plate Company shall furnish all the tools and materials for painting work, and they will give all the directions concerning the work to be done on their work, and J. Yonan Company to furnish all the painters arranged in three grades: 35c, 45c, and 55c per hour, the said amount at the end of each week to be paid to the said J. Yonan Company and have a foreman to look after the work and receive payment at the end of each week from the American Sheet and Tin Plate Company. Furthermore the said J. Yonan Company will maintain an open shop until the entire work is completed and see that all the work is done in a good workmanship. (Signed) American Sheet and Tin Plate Company, J. W. Grantham, Contractor. J. Yonan Company."

The first paragraph proceeds on the theory that appellee company entered upon said work on September 12, 1911, and from that time until February —, 1912, continued to work and to receive pay therefor in accordance with the terms of such contract; that on the latter date appellant, without any cause, discharged appellee company and refused to per

mit it or any of its men to continue under such contract; that it performed all conditions of such contract on its part up to the time of its discharge and that from that time on it was ready and willing to continue its contract. The second paragraph proceeds on the same theory but anticipates a defense by way of release from the terms of the contract secured from one Hosanna, a member of the partnership doing business under the firm name of J. Yonan Company, and seeks to avoid such defense on the ground that said release was unauthorized and was obtained fraudulently as against this appellee. The third paragraph proceeds on the theory that appellee company entered upon the performance of the contract on September 12, 1911, and continued to perform and receive pay thereunder until the —— day of December when appellant informed appellee that it would deal with him exclusively and make all payments under said contract to him; that he was to superintend all the work contemplated by such contract and that Hosanna would not be dealt with further; that it would continue said contract with appellee in his individual capacity; that he relied on said statement and then and there dissolved said partnership with Hosanna and continued thereafter to perform all the conditions of said contract to be performed by the J. Yonan Company until the —— day of February, 1912, when appellant discharged appellee and refused to permit him to continue his employment under said contract or to carry out the terms thereof. Both, the first and second paragraphs allege, that prior to the beginning of this suit, said Hosanna had ceased to be a partner of appellee; that the partnership had been dissolved; that appellee is now the sole owner of said business; and that the contract was duly assigned in writing by the said Hosanna. Each paragraph alleges damages in the sum of $2,400.

Appellant filed an answer to the complaint, in four paragraphs; the first was a general denial; the second pleaded payment; the third, a release; and the fourth, a denial of

the execution of contract sued on by appellee. Upon the issues thus formed, the cause was tried by the court without the intervention of a jury. The court made a general finding for appellee, that he was entitled to recover from appellant damages in the sum of $436.27. Appellant's motion for new trial was overruled and judgment rendered on the finding.

Under the heading "Points and Authorities" appellant, in its brief, states the following: (1) the alleged contract sued on was so indefinite and uncertain that it was unenforceable; (2) the finding of the court is not supported by the evidence—there is no evidence that appellee was damaged; (3) Grantham had no authority to bind appellant; (4) the release executed by Hosanna was a complete bar to this suit. The burden is upon appellant to show reversible error. *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, 47 L. R. A. (N. S.) 121; *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, 78 N. E. 1060. Rule 22 of the court and the decisions construing it require us to ignore any alleged error not contained in appellant's statements of "Points and Authorities". *City of Huntington* v. *Mitten* (1911), 176 Ind. 485, 96 N. E. 467; *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 96 N. E. 154, Ann. Cas. 1914 A 951; *Owen* v. *Harriott* (1911), 47 Ind. App. 359, 94 N. E. 591; *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 34 Ind. App. 625, 73 N. E. 620.

The mere statement of an abstract proposition of law under the heading "Points and Authorities" in no way addressed to, or applied to, any particular error relied on for reversal is not such a compliance with Rule 22 as to present any question where there are several grounds in the motion for new trial to which such propositions might bear some relation. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652. Where, however, but one error is relied upon in a brief, all the propositions stated and authorities cited will be regarded as referring to such error. *Richey* v. *Cleveland, etc., R. Co.* (1911), 47 Ind.

App. 123, 93 N. E. 1022. It will be observed that all of the propositions or points, *supra,* except the second, are general and no application is made of them to any error relied on for reversal. It is doubtful, therefore, under the authorities, *supra,* whether appellant by its brief has presented any question other than that presented by point two. However, inasmuch as neither paragraph of the complaint has been questioned, either in the trial court or in this court, we assume that by his first proposition appellant intended to challenge the decision of the trial court as not being sustained by sufficient evidence in that the contract offered in evidence and above set out is so vague, indefinite and ambiguous that the trial court could not have known what was intended and agreed on by the parties.

Whether a complaint based on such contract unaided by other averments, would be sufficient against a demurrer, we need not and do not decide. For the purposes of the question indicated, it is sufficient to say that there was evidence tending to show that both parties understood what was intended by their contract and that appellee had partly performed it and there was also evidence tending to show how both parties had construed the contract as affecting such part performance. There was, therefore, sufficient evidence to enable the trial court to ascertain all the essential elements, terms and conditions of such contract, to which the parties intended to bind themselves, and hence, sufficient under the law to support the decision of such court. *Witty* v. *Michigan Mut. Life Ins. Co.* (1890), 123 Ind. 411, 24 N. E. 141, 18 Am. St. 327, 8 L. R. A. 365; *Olcott* v. *McClure* (1912), 50 Ind. App. 79, 85, 86, 98 N. E. 82. By point two, *supra,* appellant questions the sufficiency of the evidence on the element of damages, viz., that there was no evidence that appellee was damaged. There was at least some evidence from which the court may have inferred damages in some amount which would be sufficient as against said objection. The record

supports us in saying further that there was some evidence from which the court might have properly found that appellee was damaged in an amount equal to or greater than the judgment here rendered. Assuming that by point three, *supra,* appellant intended to challenge the sufficiency of the evidence to show the authority of Grantham to sign the contract in question, and bind appellant thereby, we have examined the evidence on this subject and are of the opinion that the trial court was warranted in inferring such authority from the evidence of Grantham, himself.

Under the issues tendered by appellee's second and third paragraphs of complaint appellant's point four, viz., that "the release executed by Hosanna was a complete bar to this suit" must necessarily depend on the evidence affecting the validity of such release. There is evidence tending to show that appellant, at the time such release was secured from Hosanna, knew that he, Hosanna, had nothing to do with the contract with appellee; that appellant had notified appellee that Hosanna must not have anything more to do with said contract and that appellant would look to appellee Yonan individually for the performance of said contract.

The evidence was conflicting on most, if not all of the above facts and hence, under the well-settled rule of this court, the decision of the trial court as to such questions of fact is conclusive on appeal. The judgment below is therefore affirmed.

Note.—Reported in 109 N. E. 922. See, also, under (1) 3 Cyc. 275; (2) 3 C. J. 1410; 2 Cyc. 1014; (3) 3 C. J. 1431; 2 Cyc. 1017; (5) 9 Cyc. 775; (6) 3 Cyc. 360.