## NOBLE COUNTY BANK *v.* DEPEW ET AL.

### [No. 9,612.   Filed November 1, 1918.]

1.  APPEAL.—*Review.—Waiver of Error.*—Alleged error in the admission of evidence is waived by the failure of appellant, in its statement of the record, to point out the page and line of the transcript at which the rulings complained of may be found. p. 408.

2.  APPEAL.—*Briefs.—Abstract Propositions of Law.—Questions Presented.*—A proposition in appellant's points and authorities in reference to instructions which is not directed to any particular instruction cannot be aided by reference to appellant's argument and presents no question for review.   p. 408.

3.  BILLS AND NOTES.—*Bona Fide Owner.—Evidence.*—In an action by assignee bank on a note embodying a conditional contract of sale of live stock under which the payee of the note, or holder thereof, might retake and sell the live stock on failure to pay when due, evidence showing that, on default in payment, the payee retook and sold the cattle for which the instrument was given and entered credit on the note at the bank, and that the bank cashier or his assistant informed defendant's attorney in response to an inquiry about the note that he must see the payee, as the bank had nothing to do with the instrument, was sufficient

to warrant the inference that the bank was not the *bona fide* owner of the note.  p. 408.

From De Kalb Circuit Court; *Dan M. Link,* Judge.

Action by the Noble County Bank against Frank DePew and another.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*T. A. Redmond* and *R. S. Emerick,* for appellant.
*Edgar W. Atkinson,* for appellees.

HOTTEL, J.—This action was instituted by appellant to recover on a certain promissory note alleged to have been executed by appellees to the order of Whitford Brothers, and thereafter assigned and transferred to appellant by a proper indorsement in writing. Appellees' answer, in four paragraphs, includes: (1) A general denial; (2) a plea of payment; (3) a defense that appellant is not, and never was, the *bona fide* owner of the note in question, and that; subsequently to its maturity, appellees paid and settled the note with one of the Whitford brothers, its real owners; and (4) a plea of estoppel based on certain statements alleged to have been made by one of appellant's representatives, which will later appear from our discussion of the evidence. A trial by jury resulted in a verdict for appellees, and, from the judgment thereon, this appeal is prosecuted. The sole error assigned challenges the action of the circuit court in overruling appellant's motion for a new trial, but most of the specifications contained in that motion are so presented as not to require extended treatment.

Various rulings on the admission of evidence are complained of, but, in its statement of the record, ap-

pellant has failed to point out the page and line of the transcript at which any of said rulings may be found, and their consideration is therefore waived. *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 252, 80 N. E. 538; *Smith* v. *Toth* (1916), 61 Ind. App. 42, 50, 111 N. E. 442.

Complaint is also made, in argument, of certain instructions which were given to the jury, but no reference is made thereto in appellant's statement of their points and authorities, except in the abstract assertion that: "It was the duty of the court to instruct the jury as to the theory of the cause of action as well as of the theory of defense, and when the respective theories were once stated, the instructions should have been upon the same theories." This proposition, which is not directed to any particular instruction, cannot be aided by reference to appellant's argument, and presents no question for review. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *American, etc., Tin Plate Co.* v. *Yonan* (1915), 59 Ind. App. 700, 703, 109 N. E. 922; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9, 11.

The only remaining question is presented by appellant's contention that the evidence does not sustain the verdict of the jury. The instrument in suit was executed by appellees in payment for certain live stock purchased by them from Whitford Brothers under a conditional sale contract, embodied in the note, in which it was agreed that, on failure to pay the claim when due, the payee of the note, or the holder thereof, might take possession of and sell said live stock, and apply the proceeds of the sale on the original obligation. There is some evi-

dence tending to show that this note was duly sold and assigned to appellant before maturity, and appellants assert that the verdict of the jury must therefore rest on either the second or fourth paragraph of appellees' answer. In making this assertion, however, appellant overlooks the probative force of certain circumstances from which the jury may have drawn the inference that the note in suit was left with appellant for collection, and that title thereto remained in the original payees.

One of the Whitford brothers testified that, after the note became due, and was unpaid, he exercised the option given in the sale contract to retake and sell the live stock for which the instrument was given, and then entered a credit on the note at the bank. This witness expressly testified that he "took up the cattle as consideration or pay for the note." There is also evidence to the effect that one of the agents of the bank, either the cashier or the assistant cashier, told appellees' attorney, in response to an inquiry concerning the note, that he must see Mr. Whitford, as they (the bank) had nothing to do with the instrument. The latter statement is made the basis of appellees' fourth paragraph of answer, and appellant contends that this proof is insufficient to establish the defense of estoppel, since it does not appear that appellees in any way acted on said statement to their loss. Conceding this contention, the evidence still has a bearing on the issue of ownership, and may have been so considered by the jury. It also appears that Whitford Brothers, although residents of the county in which appellant bank is situated, were not made defendants to the action as indorsers on the note. These circumstances are open to different inter-

pretations, but the jury has evidently drawn the inference that, to avoid certain defenses against the note in the hands of its original owners, appellant instituted this action on their behalf. The proof, as a whole, is not satisfactory, but we are unable to say that there is no evidence which tends to sustain the third paragraph of appellees' answer, and its weight was determined in the trial court.

Judgment affirmed.

NOTE.—Reported in 120 N. E. 605.