(Decided 3rd November, 1887.)

PATRICK O'BRIEN *vs.* JOHN H. FOWLER, and others, EXAMINERS OF EDMONDSON AVENUE.

*Contract under Seal—Action of Covenant—Claim for Extra work—Assumpsit—Inadmissible evidence.*

Where in a sealed contract for doing work on a public avenue, it is stipulated that no claim for extra work shall be allowed under the contract, unless the same is done by written order signed by the engineer and approved by the examiners, the contractor in an action of covenant upon the contract, cannot recover for extra work, unless he alleges and shows the written order of the engineer for such extra work, and the approval of the same by the examiners.

In an action of covenant upon a sealed contract, recovery can only be had in accordance with the terms and stipulations therein contained.

Where the extra work is done by the order of the defendants and accepted by them, and they expressly promise to pay for it, having waived the written orders for such extra work and the approval thereof, the plaintiff, while not allowed to recover for such extra work on the original sealed contract, may recover for the value of such work in an action of *assumpsit.*

Proof which is in conflict with the allegations of the pleadings in a cause, is inadmissible.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court.

36              v. 67.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, IRVING, and BRYAN, J.

*R. R. Boarman,* for the appellant.

The defendants waived the written orders and promised to pay, with full knowledge that the written orders had not been signed. Has not the defendants full power to waive the requirements of the written order, or alter or change it for a verbal order, and is not acceptance with promise to pay sufficient to hold the defendants under the contract? Time in written contracts may be, by consent, waived or extended; why can't such a clause as this be waived or rescinded by consent, before breach? Any or all of the several provisions of a written contract may, before breach, be waived. *American Corrugated Iron Co. vs. Eisner,* 39 *N. Y. Sup. Ct.,* (7 *J. & Sp.,*) 200.

And again one party to a contract, by waiving the benefit of a condition therein, thereby excuses the other party from showing a compliance therewith. *Attix vs. Pelan & Anderson,* 5 *Clarke (Ia.,)* 336; *Stover vs. Flack,* 30 *N. Y.,* 64; *Lauman vs. Young, et al.,* 31 *Penn. St.,* 306; *Swauk vs. Nichols' Adm'r,* 24 *Ind.,* 199; *Jordan vs. Rhodes,* 24 *Georgia,* 478; *Abbott vs. Gatch,* 13 *Md.,* 331.

All of the averments being admitted by the demurrer to be true, the allegations present a legal and good cause of action, and the ruling of the Court ought to be reversed.

As to the estimate being fraudulently made by the engineer, it is a proper amount. In alleging the fraud, plaintiff can offer proof of the fact, and show the amount of work actually done. *Lynn vs. Balto. & Ohio R. R. Co.,* 60 *Md.,* 409.

The Court ought to have admitted the evidence; it was competent testimony under the declaration. The testimony, if true, was a compliance in law with the requirements of the contract; if the defendants waived the written orders and received the benefit of the labor and mate-

rials of the plaintiff, because of the waiver, and promised to pay for the same, they will not be allowed to take advantage of their own wrong, or set up the invalidity of their agreement.

*Henry E. Wootton,* and *David G. McIntosh,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

This is an action of covenant brought by the plaintiff, the present appellant, against the defendants, the latter being a board of examiners, created by the Act of the General Assembly of 1882, ch. 171, amendatory of the Act of 1880, ch. 443, providing for the completion of Edmondson Avenue, in Baltimore County. The plaintiff was the contractor for doing work on the line of the road, and it appears that he entered into three separate contracts for doing the work on three sections or distinct parcels of the line. The contracts are all under the hands and seals of the parties thereto, and the declaration contains five counts; the claim of the plaintiff being for money due for work done under the several contracts, and for extra work done, as contemplated by said contracts, according to the allegations of the plaintiff. To the first four counts of the declaration the defendants pleaded, and upon which pleas issues of fact were formed and tried, resulting in a verdict and judgment for the plaintiff. But to the fifth count of the declaration, as finally amended, the defendants demurred, and that demurrer was sustained by the Court. This ruling upon the demurrer gives rise to the question presented on this appeal.

The fifth count demurred to is in form as follows: "And for that whereas, the plaintiff did and performed certain other work, and furnished materials therefor, in and upon said three parcels of said Edmondson Avenue, specified in

the contracts mentioned in the foregoing counts, *which work and materials were not embraced in said written contracts,* but which the said written contracts authorized and sanctioned in the terms following : ' No claim for extra work will be allowed, unless the same shall have been performed through a written order signed by the engineer and approved by the examiners ;' and all of which work was done and materials furnished by the plaintiff by order and direction of the defendants and their engineer, and was received and accepted by them and their engineer, and said defendants expressly promised to pay for the same, and the written orders so required therefor, were not received by the plaintiff only through inadvertence, procrastination and neglect, and were waived by the defendants ; and that said engineer made an estimate of the work so done under said contract, but that the same was fraudulently made, whereby the character, quantity and value of said work was greatly under-estimated, and that the defendants refused to pay the plaintiff the fair and true value of said work, although often requested so to do, to the damage of the plaintiff to the amount of $5,000."

As will be observed, according to the allegation in this fifth count, it was expressly stipulated in the contracts, that *no claim for extra work should be allowed under the contracts,* unless the same was done by written order signed by the engineer, and approved by the examiners. This was an important stipulation of the contracts, inserted for the protection of the public. It was made a condition precedent; and the plaintiff was under no obligation to do extra work in the absence of such written order and approval; nor can he claim for doing such work under the contracts, except by alleging and showing the written order of the engineer, with the approval of the examiners, for such extra work. Without the written order and approval, as provided by the contracts, any extra work

that may have been done was not embraced by such contracts, and that is in terms alleged; and to entitle the plaintiff to claim under the contracts, he must claim in conformity to the terms thereof, and not otherwise. The very object of the stipulation in the contracts was to exclude such claim for extra work, except upon the condition prescribed. *Balto. Cemetery Co. vs. Coburn*, 7 *Md.*, 202; *Abbott vs. Gatch*, 13 *Md.*, 314, 329; *Myers vs. Saul*, 3 *El. & El.*, 306; *Russell vs. Sa Da Bandiera*, 13 *C. B.* (*N. S.*,) 149. This is an action of covenant upon sealed contracts, and the recovery can only be had upon those instruments in accordance with the terms and stipulations therein contained. The case is wholly unlike that where a party sues upon a sealed contract, alleging a breach thereof, and the *defendant* is allowed to plead in bar that he had been, by mere parol, discharged of the breach, or that his performance of the contract had been excused or waived, and the contract itself rescinded, by mutual consent; as in the cases of the *Franklin Fire Ins. Co. vs. Hamill*, 5 *Md.*, 170, and the recent case of *Herzog vs. Sawyer*, 61 *Md.*, 345.

It is alleged that the extra work and materials were furnished by the order and direction of the defendants, and were accepted by them, and that they expressly promised to pay for the same; and that the written orders, as required by the contracts, were not received for such extra work and materials, by reason of inadvertence and neglect, and that the defendants waived such written orders and approval thereof. If these facts be true as alleged, the plaintiff would not be without remedy. For while he cannot be allowed to recover for such extra work and materials on the original contracts under seal, it does not follow that he may not recover in an action of assumpsit, for the value of such extra work and materials. Many cases could be cited in support of such right; and in the case of *Watchman & Bratt vs. Crook*, 5 *G. & J.*, 239, 263,

some of the cases are referred to, and the principle fully recognized by the Court. It would seem to be too clear for question that the Court below ruled correctly in sustaining the demurrer to the fifth count.

The same question as that raised by the demurrer was attempted to be raised by the plaintiff, under the allegations of the fourth count of his declaration, upon offer of proof. But, apart from the general objection to the plaintiff's right to recover on such proof in this action, the proof was inadmissible as being in conflict with the allegations of the pleadings. The allegation in the fourth count of the declaration (the only count under which the plaintiff sought to introduce the evidence,) was that the extra work claimed for was done upon the written orders of the engineer, with the approval of the defendants. This allegation, instead of being supported by the proof offered to be introduced, would have been directly negatived by it. The Court was therefore clearly right in rejecting the offer made by the plaintiff, as stated in the bill of exception.

It follows that the judgment of the Court below must be affirmed.

*Judgment affirmed.*