OWEN FEENEY, DEFENDANT IN ERROR, v. JOSEPH
BARDSLEY, PLAINTIFF IN ERROR.

Argued March 15, 1901—Decided June 17, 1901.

1. If a contractor contracts to erect a building, he cannot recover,
   even upon a *quantum meruit*, unless he has substantially complied
   with the contract.
2. But if he substantially complies with the contract, even though
   he has failed in some minor particulars, he is entitled to recover
   the contract price, less what will be a fair allowance to the owner
   to make good the defects in the performance of the contract.
3. When there is not a substantial compliance with the contract,
   there may be a recovery for what the building is reasonably worth,
   if the owner has accepted it; but in determining the question of
   acceptance, it is not sufficient to find that the owner has occupied
   it—the jury must find some positive act on his part showing an
   intention to accept it.
4. When a building contract provides that the building shall be com-
   pleted at a specified time, and that for every day it remains un-
   finished after such date the contractor shall pay the owner.$5 as
   liquidated damages, and also provides that the contractor shall be
   allowed additional time when he is delayed by the fault or neglect
   of other contractors, provided he gives notice, in writing, to the
   owner of such neglect of other contractors, the owner is entitled
   to the written notice, and the contractor cannot be allowed addi-
   tional time in the absence of it.

On error.

For the plaintiff in error, *Charles D. Thompson.*

For the defendant in error, *James M. Trimble.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought by Feeney, the
defendant in error, to recover the balance alleged to be due
to him upon a building contract.

The plaintiff in error relies for reversal upon alleged errors
in the charge of the trial court.

The trial judge charged that if the contractor did not sub-
stantially comply with the contract he could not recover.

He told the jury that if a builder contracts to erect a two-story and a half house, and he erects only a one-story and a half house, he cannot recover, although he has added value to the owner's property. But if the contractor has substantially performed his contract, even though he has failed to do so in some minor particulars, he is entitled to recover the contract price, less what will be a fair allowance to the owner to make good the defects in the performance of the contract.

The court further charged that if there was not a substantial compliance with the contract, the jury could find a verdict for the contractor for what the building was reasonably worth, if the owner had accepted the house, but that, in determining the question of acceptance, it was not sufficient to find that the owner was occupying it; it is a house built upon his land, and unless he tears it down, he must make some use of it, so that the jury must find some positive act on his part showing an intention to accept it.

This instruction to the jury is strictly in accordance with the views expressed by Mr. Justice Magie, in the Supreme Court, in *Bozarth* v. *Dudley,* 15 *Vroom* 304.

Since the publication of that decision it has been applied in the trial of similar issues, and it has been cited, with approbation, in this court, in *Mackinson* v. *Conlon,* 26 *Vroom* 564.

In this respect there is no error in the charge of the trial court.

The written contract provides that the contractor shall wholly finish his work on or before January 1st, 1897, and in default thereof the contractor shall pay to the owner $5 for every day thereafter that the said work shall remain unfinished as and for liquidated damages.

The contract further provides that should the contractor be obstructed or delayed in the prosecution or completion of the work by the neglect, delay or default of any other contractor, then there shall be an allowance of additional time beyond the date set for the completion of the work; but no

such allowance shall be made unless a claim is presented, in writing, at the time of such obstruction or delay.

The owner, in accordance with the provisions of our statute, claimed to recoup his damages of $5 per day for every day that the work remained unfinished after the 1st day of January, 1897.

It appeared in evidence that the contractor did not give notice in writing to the owner that he was delayed or obstructed in his work by the neglect, delay or fault of any other contractor, and that he did not present any claim in writing to the owner for the allowance of further time on that account.

The trial judge charged the jury that it was not necessary, under the contract, to make a claim in writing for the allowance of further time, and that if the delay was not the fault of the contractor, the owner could not charge him with $5 per day on account of such delay.

In this respect we think there was legal error in the charge.

The contract expressly provides for a notice in writing, and the owner cannot be deprived of the benefit of that stipulation in his agreement.

The contractor was under a duty to inform the owner, in writing, when his due prosecution of the work was hindered or delayed by the neglect of other contractors.

The contractor would have been entitled to an allowance for additional time if he had given the written notice, and would have been under no penalty for the time which elapsed between the service of notice and the removal of the obstruction to his work.

The owner also would have had the opportunity to prevent unnecessary delay by taking measures to secure performance on the part of the other contractors. Without such written notice from this contractor, as the contract required, he had no reason to believe that he would demand an allowance of additional time.

In my opinion the judgment below should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM.    13.