ROBERT W. CURRY *vs.* ALBERT H. OLMSTEAD.

NEWPORT—OCTOBER 31, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Building Contracts.*

Where a building contract between a contractor and the owner provided that no allowance should be made to the contractor for delays in the completion of the work caused by the neglect, delay, or default of the owner or architect, unless a claim therefor in writing was presented to the architect within twenty-four hours of the occurrence of such delay, a failure to give such notice is a forfeiture of any right on the part of the contractor to any extension of time under the contract.

COVENANT. Heard on petition of defendant for new trial. Granted conditionally.

PER CURIAM. This is an action of covenant, brought to recover upon a sealed contract a balance due for building a house. There was great delay in the work, and it was not in all respects satisfactorily done. Part of the delay was attributed to change of plans and extra work required by the owner. The presiding justice ruled that, in consequence of the extra work required to be performed, the plaintiff was entitled to additional time and that the jury should determine what was a reasonable time for the completion of the contract in consideration of the extra work. The defendant's exception to this ruling raises the question of law in the case.

(1)  The contract provided that the contractor should complete the work on or before the 20th day of March, 1901, "provided

that for each and every day after said 20th day of March, 1901, which said contractor shall take for the full completion thereof, he shall forfeit to said owner the sum of ten dollars to be deducted from any balance due from said owner or recovered from said contractor," and, further: "Should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay, or default of the owner or the architects, . . . then the time fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid, but no such allowance shall be made unless a claim therefor is presented in writing to the architects within twenty-four hours of the occurrence of such delay. The duration of such extension shall be certified to by the architects, but appeal from their decision may be made to arbitration," &c.

The evidence shows that no such claim in writing was made by the contractor.

We think the ruling of the presiding justice was erroneous.

The owner was entitled to notice, as prescribed in the agreement, that a claim for extension of time had arisen, and to have such claim adjusted at once. In the case of *Feeney* v. *Bardsley*, 66 N. J. L. 239, the exact question arose, and the court decided that failing to give such notice under the same form of agreement was a forfeiture of any right on the part of the contractor to an extension of the time agreed upon. The court say: "The contract expressly provides for a notice in writing and the owner can not be deprived of the benefit of that stipulation in his agreement." It is clear, therefore, that the verdict of the jury, omitting any deduction on account of damages due the owner for delay, is excessive.

We can not fix with exact accurary the time when the work may be considered to have been completed, but it seems that the house was substantially finished outside about the first of August, and the owner began to occupy it August 14th. At the latter date the house was not fully completed, and there had been a delay of one hundred and forty-seven days.

The architect admitted that ten days of this delay were properly chargeable to the owner. It seems, therefore, that

at least $1,370, with interest from August 14, 1901, to April 21, 1903, or $1,508.59, should be deducted from the verdict of the jury.

The owner claimed other allowances as to which the evidence was conflicting, and as to which we express no opinion.

As the trial of the case occupied several days, we think it for the interest of the parties to give the plaintiff the option of remitting the excess of the verdict; and therefore a new trial will be granted unless within ten days after the filing of this opinion the plaintiff shall remit $1,508.59 of the verdict and take judgment for $1,379.63, as of April 21, 1903.

*William P. Sheffield, Jr.*, for plaintiff.

*Darius Baker*, for defendant.