CHAPMAN DECORATIVE CO. v. SECURITY MUT. LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit.   November 20, 1906.)

No. 17.

1. DAMAGES—BUILDING CONTRACT—STIPULATION FOR LIQUIDATED DAMAGES FOR DELAY.

A provision of a building contract, reciting that in case of delay in the completion of the building the damages to the owner will be difficult of computation, and that it is therefore agreed that in case of delay beyond the time fixed the contractor shall pay a stated sum per day from that time until completion as liquidated damages, where it is shown that in fact the damages actually sustained by the owner could not be accurately computed, is conclusive upon the parties in the absence of fraud or mutual mistake.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 164.]

2. CONTRACTS—CONSTRUCTION—DAMAGES FOR DELAY.

Where a building contract which contained a stipulation for the payment of liquidated damages by the contractor in case of delay in the completion of the work also provided that if such delay should be caused by the default of the owner, architect, or other contractors, the time of such delay should be allowed him, but that no such allowance should be made unless a claim therefor should be made to the owner or architect within 24 hours, the latter clause is enforceable and binding on the contractor.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 145 Fed. 434.

Reynolds D. Brown, for plaintiff in error.

Joseph H. Taulane, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error to the Circuit Court for the Eastern District of Pennsylvania. In that court the Chapman Decorative Company brought suit against the Security Mutual Life Insurance Company to recover on a contract for decorative work done for the latter in its office building. The plaintiff assigns for error certain rulings of the court by reason whereof the verdict rendered by the jury in its favor was for a less amount than it is alleged should have been returned. There was no dispute as to the amount of work done or the price therefor, but the instructions complained of were:

First, that defendant was entitled to an allowance of $50 per day for stipulated damages agreed to in the contract as follows:

"It is mutually agreed and understood that in the event of said interior finish herein contracted for not being entirely finished on or before the 15th day of March, 1905, that the actual damages sustained by the owner will be difficult of computation, therefore it has been agreed and hereby is agreed by and between the parties hereto that in the event of the failure of said contractor to have all of said interior finish of main entrance and eighth floor completed on or before the 15th day of March, 1905, there shall be due and payable, and said contractor shall pay to the said owner the just and full sum of $50.00 per day for each and every day after March 15th, 1905, that the same or any part thereof, remains unfinished and incomplete, and that said sum is hereby agreed upon as liquidated damages."

And, secondly, that plaintiff, having failed to make any request to the architect for allowance for delay, was precluded from defending on that ground by virtue of the contract provision following, viz.:

"That should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, default or delay of the owner or architect, or of any other contractor, employed by the owner, or Robinson Company upon the work, or by any damage which may happen by fire, lightning, earthquake or cyclone, or by strikes or lockouts, through no default of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid, but no such allowance shall be claimed or made unless a claim therefor shall be presented in writing to the owner, or Andrew J. Robinson Company, within twenty-four hours after the occurrence of such delay. The duration of such extension shall be certified to by the architect, but appeal from his decision may be made by arbitration as provided in article III of this contract."

Manifestly, there was no error in the court so ruling. In the Sun, etc., Association v. Moore, 183 U. S. 643, 22 Sup. Ct. 240, 46 L. Ed. 366, it was held:

"Parties may, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. The naming of a stipulated sum to be paid upon the nonperformance of a contract, is conclusive upon the parties in the absence of fraud or mutual mistake."

In Stephens v. Essex, etc. (C. C. A.) 143 Fed. 845, this court applied that principle. We think the facts in the present case likewise

call for its application. The defendant, an insurance company, was erecting a large office building. It arranged to vacate its then present quarters, and itself occupy three stories of the new building on April 1st following the contract. These stories, as well as the main entrance and lobby, plaintiff was to decorate and complete in every detail by March 15th. The other seven stories were to be rented to tenants. The renting term in that vicinity began April 1st. This building was one of the only two large office buildings in that locality, both of which were to be finished at the same time, and were in competition for tenants. In point of fact, the plaintiff did not finish the work until midsummer, and, prior to such completion, defendant was unable to charge rent to the tenants it did obtain under the conditions existing when this contract was made, and, in view of the difficulty of ascertaining all and the impossibility of ascertaining some of the loss sustained by the defendant by reason of delay, the case was a proper one in which to fix such damages in advance by stipulation. Moreover, in view of the large amount of rentals involved, we think the price of $50 per day agreed upon was reasonable. Such being the case, we are of opinion the court was justified in instructing the jury that the amount thus agreed upon by the parties was not a penalty, but stipulated damages.

So, also, in enforcing the provision in regard to delays, the court committed no error. During the progress of the work, the defendant made no claim to the architect, either in writing or otherwise, for allowance for delay in accordance with the provision quoted, and in the answer to the defendant's tenth point, the court instructed the jury that no claim for obstruction or delay could be allowed. No reason is now shown why this clause of the contract should not be enforced. The parties made such an agreement, and thereby made it a law for themselves. Its purpose evidently was to avoid just such a contest as the plaintiff here seeks to raise. In the absence of a claim for extension for delay, the defendant had a right to presume, either that no valid ground to ask an allowance existed; or, if it existed, it was not serious enough to call for an extension. These provisions in building contracts have been enforced in courts. Feeney v. Bardsley, 66 N. J. Law, 240, 49 Atl. 413; Curry v. Olmstead (R. I.) 59 Atl. 392; Davis v. La Crosse Hospital Ass'n (Wis.) 99 N. W. 351; and, as we have said, no reason is shown why it should not be enforced here.

The judgment of the court below is affirmed.