## Wm. P. Jungclaus Company *v.* Ratti et al.

[No. 9,476. Filed March 13, 1918.]

1. APPEAL.— *Questions Reviewable.—Ruling on Motion for New Trial.—Briefs.—Sufficiency.*—Where, in its points and authorities, under the heading of "Error in Overruling the Motion for New Trial," appellant states a number of general propositions without attempting to specifically apply any of them to any of the grounds of its motion for new trial, appellant fails to strictly comply with the rules of court, but, as each of the grounds of the motion in effect attempts to present the same question, such question will nevertheless be considered. p. 87.

2. APPEAL.—*Review.—Findings.—Consideration of Matters Outside the Record.*—Where the trial court's finding for defendants on their counterclaim was general, the court on appeal cannot consider, in determining the sufficiency of the evidence, the trial court's alleged announcement, which is not shown by the record, as to the items allowed defendants. p. 87.

3. TRIAL.—*Evidence.—Consideration.—Weight and Credibility.*—Though plaintiff's evidence on an issue of fact was undisputed, the trial court had a right to consider all the other evidence in the case, including circumstances and surroundings, that in any way might affect the weight or credibility of such evidence. p. 88.

4. TRIAL.—*Evidence.—Weight and Credibility.*—The trial court has the right to disregard evidence, though uncontradicted, if it considers such evidence unreasonable or inconsistent with

facts and circumstances shown by the other evidence in the case. p. 89.

5. CONTRACTS.—*Building Contracts.—Construction.—Extension of Time for Owner's Delay.—Necessity of Written Claim.*—Where a building contract provided that, should the contractor be delayed in the prosecution or completion of the work by the act or neglect of the owner, architect, or other contractor, the time for completion should be extended for a period equal to the time lost, but that no allowance for additional time should be granted unless a claim therefor in writing should be presented to the architect, and there was delay by the owners in clearing the site for the building, the contractor was not entitled to additional time where he made no written claim to the architect for an extension as provided in the contract, but merely wrote him a number of letters complaining of the delay. p. 91.

6. CONTRACTS.—*Construction.—Extensions of Time for Owner's Delay.—Architect's Authority to Waive Claim.*—A provision in a building contract stipulating that the architect could allow an extension of time for the completion of the work only in event a written request therefor was filed with him by the contractor was for the benefit of the owner as well as the contractor, and the architect had no power to waive the filing of such claim in writing. p. 94.

7. CONTRACTS.—*Building Contracts.—Payments to Contractor.— Certificate of Architect.*—Under a building contract providing that the sum to be paid for material and work was to be paid by the owner to the contractor only upon certificate of the architect, and that all payments should be due when the certificates were issued, except in case of arbitrary or fraudulent refusal or failure of the architect to issue a certificate for final payment, such payment was not due until a certificate therefor had been issued by the architect. p. 96.

From Marion Superior Court (94,959); *W. W. Thornton,* Judge.

Action by the William P. Jungclaus Company against Mary Josephine Ratti and others. From a judgment for defendants on their counterclaim, plaintiff appeals. *Affirmed.*

*Charles O. Roemler,* for appellant.
*Baker & Daniels,* for appellees.

HOTTEL, J.—This appeal is from a judgment in appellees' favor in an action brought by appellant to recover for labor and materials furnished by it under a contract for the erection of a building on appellees' real estate, and to foreclose a mechanic's lien against such real estate. In addition to the amount alleged to be due on the contract price, recovery was also asked for extra labor and material alleged to have been rendered and furnished by appellant. The complaint is in one paragraph, to which there is an answer in general denial and a plea of payment. Appellees also filed a counterclaim for damages resulting from delay in completion of the work and from alleged defective work. No answer was filed to this counterclaim, but by agreement appellant was permitted to introduce evidence to prove any delay in the prosecution of its work caused by appellees or their agents.

It was agreed at the trial that the contract price for work done by appellant was $41,903, and that it was entitled to recover for undisputed extras, $96.42, making a total of $41,999.42; that as against this amount appellee was entitled to credits for amounts paid thereon, aggregating $41,110, leaving an undisputed balance due appellant on the items of indebtedness, alleged in its complaint, of $889.42.

The court found that appellant was entitled to recover said amount on its complaint, and that appellees were entitled to recover on their counterclaim the sum of $889.50, and rendered judgment for appellees against appellant for eight cents and costs. A motion for new trial filed by appellant was overruled, and this ruling is assigned as error. The following grounds of said motion are relied on for reversal: (1) The decision of the court is not sus-

tained by sufficient evidence; (2) the decision is contrary to law; (3) the damages assessed are excessive; (4) the assessment of the amount of recovery is erroneous, being too large.

In its points and authorities, under the heading, "Error in overruling the motion for new trial," appellant states ten separate general propositions
1. without attempting to specifically apply either of them to any of the said grounds of its motion for new trial. This is not a strict compliance with the rules of the court. *German Fire Ins! Co.* v. *Zonker* (1914), 57 Ind. App. 696, 108 N. E. 160; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; *Weidenhammer* v. *State* (1913), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577.

However, we think it sufficiently appears from said brief that appellant, by each of said grounds of its motion, has, in effect, attempted to present the same question, and such question will therefore be considered. *American, etc., Tin Plate Co.* v. *Yonan* (1915), 59 Ind. App. 700, 109 N. E. 922; *Richey* v. *Cleveland, etc., R. Co.* (1910), 47 Ind. App. 123, 93 N. E. 1022.

The decision and judgment, in so far as it can be said to be based on the items of defective work for which damages are asked in the counterclaim, is not questioned, it being conceded that there is some evidence to support each of such items; but it is insisted by appellant that the amount found to be due appellees on such counterclaim is in excess of the total amount claimed therein for defective work.

In this connection it is claimed that the trial court when it made its decision announced that it allowed
$439.50 on account of defective work, and $450
2. as "penalty" for delay in the completion of the work. The finding, however, is general,

and it is conceded that the record does not show such announcement, and hence that it cannot be considered by this court, but it is insisted, as before indicated, that it affirmatively appears from the items of the counterclaim and the evidence that the decision and judgment herein is necessarily based in part on damages allowed for delay in the completion of said work. No question is raised as to the period of delay for which the stipulated damages should be computed if allowable, but the sole contention is, in effect, that the undisputed evidence shows that such delay resulted from the default of the owners of the property, and of contractors employed by them, and that therefore appellant should not be held liable for any amount on account of such delay; that to the extent that the decision of the trial court includes an allowance for any amount for such delay, it is not sustained by sufficient evidence and is contrary to law, and that to such extent the assessment of the amount of recovery is erroneous, in that it is too large.

Assuming, without so deciding, that the question indicated is properly presented by one or more of said grounds of its motion for new trial and by its briefs, we will proceed to determine it.

3.

However, it should be first stated that it is questionable whether, under all the evidence in the case, this court can say that the evidence is uncontroverted upon the question of the delay in the completion of the work being caused solely by the default of appellees or contractors employed by them. Though it be granted that the evidence offered by appellant as to the cause of such delays was undisputed, the trial court had a right to take into consideration all of the other evidence in the case, including circumstances and surroundings, that might

in any way affect the weight 'or credibility of such evidence. *Cleveland, etc., R. Co.* v. *Quinn* (1913), 54 Ind. App. 11, 24, 101 N. E. 406.

Appellant's contention admits delay in the completion of the work, and hence under the provision of its contract *infra* it was liable for the damages provided for therein resulting from such delay,

4.    unless it appears that it was caused by the "owner, * * * architect, or * * * any other contractor employed by the owner upon the work," as provided in article VII, *infra,* of the contract.    While appellant introduced witnesses who testified in effect that appellees and contractors employed by them caused delays in the completion of said work, the total of which equaled, or more than equaled, the entire delay in such completion, and while these witnesses were not expressly contradicted by other witnesses, their evidence or any part thereof, like any other oral evidence, might have been disregarded by the trial court if the court considered it unreasonable or inconsistent with facts and circumstances shown by the other evidence in the case. *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847; *Southern R. Co.* v. *Limback* (1908), 172 Ind. 89, 85 N. E. 354; *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 361, 362, 106 N. E. 646, and cases cited; *Cleveland, etc., R. Co.* v. *Quinn, supra.*

However, again assuming, without so holding, that said evidence is in fact uncontroverted, and that neither the 'trial court nor this court can disregard it, we are of the opinion that an allowance for delay in the completion of the work was properly included in the decision of the trial court, and hence that such decision is sustained by the evidence, and in accord with the law applicable thereto.

The parties agreed that "Exhibit 1A" was the contract between them. This contract purported to be "The Uniform Contract. Form of Contract Adopted and Recommended for General Use by the American Institute of Architects and the National Association of Builders. * * *, Revised 1907." The parts thereof now material are as follows:

"Art. II. It is understood and agreed * * * that the work included in this contract is to be done under the direction of said architects, and their decision as to the true construction and meaning of the drawings and specifications shall be final.

"Art. VI. The contractor shall complete the several portions, and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit: The work to be completed on or before the 1st day of November, 1912. A penalty of fifteen * * * dollars per day will be due the owners for each day after November 1st, 1912.

"Art. VII. Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, of the architect, or of any other contractor employed by the owner upon the work, * * * then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, which extended period shall be determined and fixed by the architect; but no such allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of such delay.

"Art. XII. In case the owner and contractor fail to agree in relation to matters of payment, allowance or loss referred to in Arts. III or VIII * * * or should either of them dissent from the decision of the architect referred to in Art. VII of this contract, which dissent shall have been filed in writing within ten days of the announcement of such decision, then the matter shall be referred to a board of arbitration to consist of one person selected by the owner, and one person selected by the contractor, these two to select a third. The decision of any two * * * shall be final and binding on both parties hereto."

Appellant's first contention is that it should be allowed additional time because of the delay on the part of the owners in clearing the site for the building, which they had agreed to finish by May 20, 1912, the date when appellant was to have begun the work. In the case of *Van Buskirk* v. *Board, etc.* (1909), 78 N. J. Law 650, 75 Atl. 909, the contract between the parties provided that: " 'The contractor shall complete the several portions and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit, * * * The entire building to be completed and ready for occupancy by the 15th day of September, 1908, providing, however, that the aforesaid owner removes the present building from the proposed site before the 15th of May, 1908.' " The contract provided also that " 'the contractor shall pay to the owner * * * $25 per day * * * for each and every day's delay that the work shall remain unfinished after the date agreed upon for the

completion   *   *   *.' '' It also contained a provision identical with article VII, *supra.*

Under the terms of this contract, which so far as they are material were almost identical with those of the instant contract, *except that the latter contains no express provision that the owners should clear the site,* it was held that the contractor, because he made no claim in writing to the architect for additional time alleged to have been necessary by reason of the owner's failure to remove the buildings from the site by May 15, 1908, could not have an extension of time equivalent to such delay, and was liable for the stipulated damages for such period.

There is abundant authority in other states that, under contracts such as the one here involved, where the contractor has not presented his written claim for an extension of time, and such extension has not been granted by the architect, he is not entitled thereto. *Chapman Decorative Co.* v. *Security, etc., Ins. Co.* (1906), 149 Fed. 189, 79 C. C. A. 137; *Kelly* v. *Fejervary* (1900), (Iowa) 78 N. W. 828; *Ward* v. *Haren* (1909), 139 Mo. App. 8, 119 S. W. 446; *Hiller* v. *Daman* (1914), 183 Mo. App. 315, 166 S. W. 869; *Van Buskirk* v. *Board, etc., supra; Davis* v. *LaCrosse Hospital Assn.* (1904), 121 Wis. 579, 99 N. W. 351, 1 Ann. Cas. 950; *Curry* v. *Olmstead* (1904), 26 R. I. 462, 59 Atl. 392; *Lumber Co.* v. *Friedman* (1908), 64 W. Va. 151, 61 S. E. 815; *Feeney* v. *Bardsley* (1901), 66 N. J. Law 239, 49 Atl. 443; *J. G. Wagner Co.* v. *Cawker* (1902), 112 Wis. 532, 88 N. W. 599; *Wait* v. *Stanton* (1912), 104 Ark. 9, 147 S. W. 446; *Equitable Real Estate Co.* v. *National Surety Co.* (1913), 133 La. 448, 63 South. 104; *Florida, etc., R. Co.* v. *Southern Supply Co.* (1900), 112 Ga. 1, 37 S. E. 130; *Jones* v. *St. John's*

*College* (1870), L. R., 6 Q. B. 115; *Grey* v. *Stephens* (1906), 16 Manitoba 189.

Appellant contends that it notified the architect of the delay caused by the owner, and also of the delays caused by contractors employed by the owners, and that therefore it is entitled, under its contract, to additional time in which to perform. The record shows a number of letters written by appellant to the architect, in which it complained of the delay of the owners in clearing the ground, and of delay and interference by contractors over whom it had no control. In some of these letters appellant stated that it would be delayed in a particular portion of the work by the matters complained of, but in none of them did it claim any extension of time by reason of such matters, nor was such extension in any way mentioned therein.

Article VII, *supra,* provided that should the contractor be delayed by certain happenings therein specified, "Then the time    *    *    *    shall be extended for a period equivalent to the time lost    *    *    *, which extended period (i. e., a period equivalent to the time thus lost) shall be determined and fixed by the architect," and that "no such *allowance* shall be made unless a *claim therefor* is presented in writing to the architect." It is plain that this article requires that a claim for an allowance of additional time by the architect must be presented to him in writing, if the contractor would obtain the benefit of such extension. The record does not show that any such claim was made, and appellant, therefore, was not entitled to any extension. Such a provision is for the benefit of the owner, as well as the contractor, and the architect has no power to waive this formality. The

presentation of the claim in writing is a con-
6.   dition precedent to the architect's power to act
in the matter of the extension of time. *Van
Buskirk* v. *Board, etc., supra,* and cases cited; *J. G.
Wagner Co.* v. *Cawker, supra,* and cases cited.

If it be said that the provision requiring the presentation of a written claim is harsh, the answer is well put in the case of *Davis* v. *LaCrosse Hospital Assn., supra,* 587, 588, in which the court said: "Parties have a perfect right to make harsh provisions in their contracts if they see fit. If they do, courts should not sit to revise them. Their duty is to enforce contracts as they find them, regardless of consequences, when no invalidity is involved nor public policy violated, and no mutual mistake or fraud, nor clear evidence of modification. Stipulations of the kind under consideration are uniformly enforced * * * * "

Appellant says that the evidence shows that appellees recovered "penalties" from contractors employed by them to install plumbing, etc., by whom appellant was delayed in completing the work, and that therefore appellees should not be allowed stipulated damages from appellant for the delay so caused. This court cannot say that the judgment appealed from involves such items of allowance, but whether it does or not is immaterial under the stipulations of the contract here involved.

An analysis of the authorities above cited necessitates the conclusion that under such a contract the contractor binds himself absolutely to pay the damages stipulated for any delay in the completion of the work, except such delay as results from the neglect or default mentioned in article VII, *supra,* of such contract; and the contractor cannot be heard

to say that his delay was caused by the default of those mentioned in said article VII, unless he has duly presented his claim for extension of the time made necessary by such default, as provided in said article.

In the case of *J. G. Wagner Co.* v. *Cawker, supra,* 538, the court, in considering a provision in a building contract that written claim must be made for extension of time made necessary by default of others, said: "The importance of this stipulation, as well as its purpose, is manifest. The very contest that has arisen in this case demonstrates the necessity of some such cautious provision. Disputes frequently arise between different contractors, or the owner and the architect, as to responsibility for delays in the work. Owners are very much in the power of contractors and architects. To avoid the uncertainty of verbal disputes, and *to prevent the contractors from making claims for delay after the building has been finished,* is clearly the purpose of such provisions. They are for the benefit of both, especially for the owner. The plaintiff knew that it could have no claim for delay for any reason unless it made a claim in writing within twenty-four hours after its occurrence. * * * As we have already said, the purpose of this stipulation was to protect the defendants from stale claims for delays, which might be based upon oral understandings, and made when it might be difficult to prove the facts in relation thereto." (Italics inserted.)

So, in the instant case, appellant, not having presented his claim in writing for an extension of time, as provided by article VII, *supra,* cannot now be heard to say that its delay was caused by the default of the other contractors who, it is claimed, were re-

quired to pay to appellees the damages stipulated in their respective contracts.

It is also insisted by appellant that appellees are not entitled to the stipulated damages provided by the contract, because the evidence shows that they committed a breach of said contract. It is claimed that under the contract appellees were to pay for 85 per cent. of the amount of labor and material in the building based upon monthly estimates; that the building was completed December 7, 1912; that no payment was made from November 9, 1912, to February 13, 1913; that the amount unpaid on December 7 was more than $7,000, no part of which was paid until February 13, at which date only $4,000 was paid.

The contract provides that the sum to be paid for the material and work "shall be paid by the owner to the contractor  *  *  *  only upon certificates of the architect.  *  *  *  And all payments shall be due when certificates for the same are issued." Under such a provision, except in case of an arbitrary or fraudulent refusal or failure of the architect to issue a certificate for final payment, the final payment was not due until a certificate therefor had been issued by the architect. *Chicago Athletic Assn.* v. *Eddy Electric Mfg. Co.* (1898), 77 Ill. App. 204; *Vincent* v. *Stiles* (1897), 77 Ill. App. 200; *McGlauflin* v. *Wormser* (1903), 28 Mont. 177, 72 Pac. 428; *Sheyer* v. *Pinkerton Construction Co.* (1904), (N. J.) 59 Atl. 462; *Neidlinger* v. *Onward Construction Co.* (1905), 107 App. Div. 398, 90 N. Y. Supp. 115, 95 N. Y. Supp. 1148, affirmed 188 N. Y. 572, 80 N. E. 1114; *Ashley* v. *Henahan* (1897), 56 Ohio St. 559, 47 N. E. 573.

The architect testified that he issued no final certificate, and the record does not show that his failure to

issue such certificate was arbitrary or fraudulent. The record, therefore, does not show that appellees' delay in making the final payment was a breach of the contract.

For the reasons indicated, the judgment below is affirmed.

NOTE.—Reported in 118 N. E. 966.