## SANFORD & BROOKS CO. *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 175.   Argued January 15, 1925.—Decided March 9, 1925.

1. Where a Government contract for dredging expressly required prompt, written protest against any order for work outside the specifications, written modification of the contract if altered materially, and written orders for extra work, *held* that oral protests by the contractor, a claim for additional compensation and a favorable advisory opinion thereon by a government official, were insufficient to establish that these contract provisions were inapplicable or waived, or that a new, oral agreement for compensation *quantum meruit* was substituted by implication.   P. 457.
2. A motion to remand to the Court of Claims for further findings should be submitted at the first term of the entry of the case so that the Court may determine whether the motion shall be passed upon in advance, or postponed until the hearing on the merits. P. 458.

58 Ct. Cls. 158, affirmed.

APPEAL from a judgment of the Court of Claims rejecting a claim for additional compensation for dredging.

*Mr. William L. Marbury,* with whom *Mr. Horace S. Whitman* and *Mr. Charles Clagett* were on the brief, for appellant.

*Mr. Merrill E. Otis,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Sanford & Brooks Co. agreed with the United States to dredge a channel at a fixed rate per cubic yard of material dredged. Payment for the number of yards dredged was made at the contract rate. Later, this suit was brought to recover additional sums, as upon a *quantum meruit.* One claim was that the material to be removed within the contract lines had been misdescribed in the specifications; and the rule applied in *United States* v. *Atlantic Dredging Co.,* 253 U. S. 1, and *United States* v. *Spearin,* 248 U. S. 132, was invoked. Another claim was that, through a mistake of the Government's representative, work had been done outside the limits prescribed by the contract, and that this was more burdensome. The Court of Claims, after a hearing upon the evidence, entered judgment for the defendant. 58 Ct. Cls. 158. The case is here on appeal under § 242 of the Judicial Code. The appeal was filed in this Court on September 20, 1923. It was not reached for argument until January 15, 1925. On January 9, 1925, the plaintiff filed, with its brief on the merits, a motion to remand. The document, including appendices, contained 65 printed pages.

The reliance in this Court was wholly upon the motion to remand. The claim on account of work inside the contract lines was not insisted upon here. The claim for work outside the contract lines was urged in the brief on the merits, but at the argument plaintiff conceded that, upon the findings of fact made, there could be no recovery. The contention then presented was that this Court could not come to a proper decision on

this claim without having findings as to the existence or non-existence of eight additional alleged facts; and that to this end the cause should be remanded to the lower court. The Government objected to the allowance of the motion to remand on the grounds that the findings already made were definite; that they included all material facts; and that, if the additional facts asserted were found, these would not change the legal result. The objections are, in our opinion, sound.

Plaintiff asserts that the additional findings would show that, when the erroneous location of the work was discovered, it made oral protest to the contracting officer of the Government against continuance of the work outside the contract lines; that it protested orally against payment for such work at the contract price; that, during the progress of the work, it made claim for payment upon a *quantum meruit* basis; that, seven months after the completion of the work in question, the Judge Advocate General gave an opinion on this claim favorable to the plaintiff; that the Assistant Secretary of War approved of the opinion; that he directed that negotiations be had with plaintiff concerning the amount of additional compensation to be paid; but that no agreement was reached. These, with other minor additions to the facts as found, are relied upon by plaintiff to show that, as to this work, the express provisions in the written contract which required prompt written protest against any order for work outside of the specifications, written modification of the contract if it was altered materially, and written orders for extra work, were all inapplicable or waived; and that a new oral agreement providing for compensation *quantum meruit* was substituted by implication. We are of opinion that the findings sought, if made, would be of no avail to plaintiff. Oral protests, a claim for additional compensation and a fa-

vorable advisory opinion thereon, would be facts clearly insufficient to establish plaintiff's contentions.

Moreover if those facts could conceivably affect the result, the motion should, as a matter of discretion, be denied because of the delay in filing it. A motion to remand for further findings, even if based wholly upon matter included in the original record on appeal, should be submitted at the first term of the entry of the case so that this Court may determine whether the motion shall be passed upon in advance of the hearing on the merits or be postponed until such hearing. Compare *United States* v. *Adams,* 9 Wall. 554, 559. Where, as in this case, the motion is based largely upon matter not appearing in the record on appeal, the reasons for insisting upon promptness in making an application to remand are particularly persuasive. Diligence in this respect is essential to the orderly and expeditious administration of justice. Compare Rule 14 of this Court governing petitions for certiorari for diminution of the record. *Chappell* v. *United States,* 160 U. S. 499.

*Affirmed.*