## UNITED STATES v. CUNNINGHAM.
### No. 7783.

United States Court of Appeals for the
District of Columbia.

Argued Nov. 6, 1941.

Decided Dec. 15, 1941.

Mr. John L. Laskey, Asst. U. S. Atty., of Washington, D. C., with whom Mr. Edward M. Curran, U. S. Atty., of Washington, D. C., was on the brief, for appellants.

Mr. P. J. J. Nicolaides, of Washington, D. C., with whom Mr. William F. Kelly, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, JJ., Associate Justices.

GRONER, C. J.

On January 30, 1932, the United States (appellants) entered into a written contract with W. C. Briddell Company for the construction of a bridge over Rock Creek at L Street, Northwest, in the City of Washington. Appellee Cunningham is receiver of the Briddell Company. The contract provided that the work should be completed on July 17, 1932, failing which the United States were authorized to take over the work and prosecute it to completion, holding the contractor for any excess cost, or to permit the contractor to continue the work to completion and then to collect an agreed amount of "liquidated damages". On September 12, 1932, nearly two months after the expiration date, the work not then being completed, the United States terminated the contract, and in the final settlement with Briddell Company deducted from the contract price the excess cost of the work and also liquidated damages for delay, amounting to $2,030.00. In September, 1938, appellee as receiver of Briddell Company brought suit under the Tucker Act[1] to recover from the United States (1) the sum of $3,358.02 damages caused by the failure of the United States to supply on time preliminary information called for under the contract; (2) the amount deducted by the United States for liquidated damages. The case was tried to the court without a jury, and judgment in the sum of $4,949.80 entered for the plaintiff (appellee). Of this sum, $2,919.80 represents damages due to failure of the United States to supply preliminary information under the contract, and $2,030.00 the amount retained as liquidated damages. The question is whether either or both of the above mentioned sums were legally recoverable.

*First.* The contract provided that the work should be completed within 150 calendar days after notification to the contractor of the signing by the government contracting officer. By another clause, the United States agreed that prior to the beginning of the work they would establish at the site, for use and guidance of the contractor, fundamental alignment points and a bench mark. The claim on the first item in suit is for damages sustained by the contractor due to the failure, for a month and a half or more, to furnish this essential information. The trial court found there was delay by the United States and assessed damages in the sum of $2,919.80. No question is here made as to the correctness of the amount, the defense of the United States being that damages were not recoverable in any amount, since the contractor had failed, as required by the contract, to give written notice of the delay. The applicable provision of the contract is: "* * * the contractor shall within ten days from the beginning of any such delay notify the contracting officer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties hereto."

The lower court found that the contractor did not give the written notice, but did give oral notice shortly after the contract was awarded. But the ground on which the court rested its decision in this regard was not that the oral notice was compliance with the contract, but that the United States had waived the defense of failure to give written notice by not pleading it. The record here does not include a copy of the complaint or answer, but the stipulated facts show that the complaint failed to allege compliance in respect to written notice, and likewise that the answer failed to allege that the notice had not been given. The cause, as we have seen, was submitted to the court without a jury, and it is stipulated that "the entire file of the Interior Department, containing all correspondence relative to the contract, was received in evidence". At the close of the contractor's case, the government moved for a directed

---

[1] 24 Stat. 505, 28 U.S.C.A. § 41 (20).

finding as to the item of damages for delay, on the ground that the contractor had not within ten days notified the contracting officer *in writing* of the cause of delay. The judge thereupon announced that he was of opinion the complaint stated a good cause of action on its face and also that the defendants had waived the defense of written notice by not pleading it. A few days later, and before the court had handed down its formal findings of fact and conclusions of law, the United States moved for leave to amend the answer to show plaintiff's failure to comply with the provision of the contract requiring the written notice. The court refused to hear the motion until after the findings of fact and conclusions of law were made, and when this was done, denied leave to amend. In view of the trial court's action in this respect, it is necessary to decide whether the obligation to give written notice was waived, before considering whether the oral notice given was a sufficient compliance with the contract.

We think the answer to this must be in the negative. The record shows that the entire correspondence between the parties was without objection received in evidence and that counsel for the contractor then admitted that no written notice had been given the United States. Based on this, counsel for the United States, as we have seen, moved for a directed finding as to this item of the suit, and the question was fully argued. This, we think, brought the case within Rule 15 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as though they had been raised in the pleadings. In the present case, the question whether the giving of *written notice* was a condition precedent, was submitted just as though it had been pleaded, and the evidence in relation thereto was all before the court. There was no element of surprise or concealment or prejudice. The question was as much in the open as if it had been pleaded and denied, or admitted and excused on some other ground. We think, under the circumstances, there was an implied consent on the part of both parties to the consideration and determination of the case on that issue. Haskins v. Roseberry, 9 Cir., 119 F.2d 803; Venuto v. Robinson, 3 Cir.,

118 F.2d 679, 683; Lientz v. Wheeler, 8 Cir., 113 F.2d 767. In this view, we need not decide whether the court wisely exercised its discretion in refusing leave to amend to conform the pleadings to the evidence.

■ This brings us, then, to consider whether oral notice admittedly given by the contractor was the equivalent of a notification "in writing of the causes of delay". Obviously, the intent of this provision is to inform the government of the cause of delay and afford an opportunity to remove it, and likewise to warn the government of the intention of the contractor to insist upon it as a means of prolonging the stipulated time for completion of the work. Strangely enough, the question whether mere oral notice of delay is sufficient where the contract requires notice to be in writing appears not to have been raised or decided in any previous case involving such a contract. In Plumley v. United States, 226 U.S. 545, 33 S.Ct. 139, 57 L.Ed. 342, the contractor had agreed, as here, that no delay attributable to the government should be considered, unless the contractor had at the time notified the government "in writing of the facts and circumstances",[2] and the Supreme Court said that failure to comply with the requirement would defeat the claim of the contractor. So in Chapman Decorative Co. v. Security Mutual Life Ins. Co., 3 Cir., 149 F. 189, 191, the Court of Appeals said of a similar provision: "The parties made such an agreement, and thereby made it a law for themselves." To the same effect are Feeney v. Bardsley, 66 N.J.L. 239, 49 A. 443; Curry v. Olmstead, 26 R.I. 462, 59 A. 392; Davis v. La Crosse Hospital Ass'n, 121 Wis. 579, 99 N.W. 351, 1 Ann.Cas. 950; and Olson Construction Co. v. Commercial Bldg. & Investment Co., 127 Neb. 609, 256 N.W. 22. But in none of the above cases does it appear, as it does here, that verbal notice was given. However, in cases involving a provision requiring a written order for "extra work", it is almost universally held that a verbal order is insufficient. Plumley v. United States, 226 U.S. 545, 33 S.Ct. 139, 57 L.Ed. 342; Yuhasz v. United States, 7 Cir., 109 F.2d 467; Lovell v. United States, 61 Ct.Cl. 756; Morgan v. United States, 59 Ct.Cl. 650; O'Brien v. Fowler, 67 Md. 561, 11 A. 174; Mullins v. Kansas City, 268 Mo. 444, 188 S.W. 193. In San-

ford & Brooks Co. v. United States, 267 U.S. 455, 45 S.Ct. 341, 342, 69 L.Ed. 734, the claim of the contractor for extra compensation was based both upon a misdescription in the government's specifications and upon additional work required to be done outside the limits of the contract. The findings show that the contractor had made oral protest and oral claim to the contracting officer, and that the Judge Advocate General had given an opinion favorable to the contractor, which the Assistant Secretary of War had approved. The court nevertheless held that failure to give the written notice required by the contract was fatal, saying: "Oral protests, a claim for additional compensation and a favorable advisory opinion thereon, would be facts clearly insufficient to establish plaintiff's contentions." And see also Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607.

■ The reasoning in these cases seems to be that a provision in a contract of the nature we are discussing is a condition precedent, compliance with which must be shown; and this is true because it must be assumed that the parties in inserting the provision attached both value and importance to its precise terms. In such circumstances, "The court is not at liberty, either to disregard words used by the parties, descriptive of the subject-matter, or of any material incident, or to insert words which the parties have not made use of." Harrison v. Fortlage, 161 U.S. 57, 63, 16 S.Ct. 488, 489, 40 L.Ed. 616. See also Norrington v. Wright, 115 U.S. 188, 6 S.Ct. 12, 29 L.Ed. 366; Filley v. Pope, 115 U.S. 213, 6 S.Ct. 19, 29 L.Ed. 372. We are, therefore, of opinion that the trial court erred in including the amount of this item in its judgment.

■ *Second.* The other item constituting the judgment was, as we have seen, for moneys unlawfully retained by the United States as liquidated damages for delay in completion. The deduction was made under Article 9, by the terms of which the contractor was required to prosecute the work to completion within the specified time, failing which the United States were given two rights—*one,* to take over the work and complete it and hold the contractor for any excess cost; *the other,* to permit the contractor to continue the work subject to the right of the United States to retain out of the contract price liquidated damages for each calendar day of delay .

until the work should be completed. We think these rights are alternative. The article states that if the Government does not terminate the right of the contractor to proceed, then the contractor shall continue the work and liquidated damages may be assessed.

But in this case the United States did terminate the contract and did take over and complete the work and did collect the excess costs. Having chosen this method of completing the contract, they cannot also claim the other alternative of liquidated damages. Similar provisions in government contracts have been consistently so construed by the Court of Claims. See particularly, Fidelity & Casualty Co. of New York v. United States, 81 Ct.Cl. 495; Commercial Casualty Ins. Co. v. United States, 83 Ct.Cl. 367. In the first named case the Court of Claims said: "The defendant elected to choose the first of these alternatives and when that decision was made the second alternative disappeared from the picture. It was thereafter mere surplusage. Upon the termination of the contract no liquidated damages could be √ charged to or be recoverable from the contractor." 81 Ct.Cl. page 502.

The same conclusion was reached in United States v. Maryland Casualty Co., D.C., 25 F.Supp. 778, 780, where the court said: "The Government protected itself under the contract in two different ways. It could take over the work and complete it, charging any extra cost and expense to contractors; or it could wait until the job should be completed by the contractors, then collect as liquidated damages the per diem amount agreed upon. It could not adopt both courses. The two methods are inconsistent. The Government has chosen the first one, taking the work out of the hands of the contractors who cannot now complete it."

This view was adhered to in American Employer's Ins. Co. v. United States, 91 Ct.Cl. 231, though in that case the contract was for several different buildings with different completion dates. Some had been fully completed when the contract was terminated by the government; others had not. As to the former the court applied the provision for liquidated damages, but allowed only excess costs as to the latter.

■ The only case cited by the United States where liquidated damages and ex-

cess costs were both recovered under a contract such as we have here is Continental Casualty Co. v. United States, 5 Cir., 113 F.2d 284, affirming D.C., 29 F.Supp. 598, certiorari denied, 311 U.S. 696, 61 S.Ct. 133, 85 L.Ed. 451. However, the question whether these are alternative rights was not mentioned in either the Circuit Court or the District Court opinion and does not appear to have been raised by the parties. The issue in the case was whether there was a contract between the United States and the contractor's surety, which had taken over the performance of the work. The surety claimed there was and that it had suffered damages by the refusal of the United States to make progress payments pursuant thereto. The case is, therefore, not helpful on the point in discussion here. To hold as the government asks us in this case would be not only to disregard the plain, unambiguous language of the government's own contract, but to make a new and different contract for the parties, and this we have already said we may not do. The rule has always been that liability upon a contract such as this may be established only by strict compliance with its conditions.

We are, therefore, of opinion that the judgment of the court below should be reversed as to the sum of $2,919.80, which was allowed as damages for the delay of the United States in fixing the location for the work, but should be affirmed as to the sum of $2,030.00 deducted by the United States as liquidated damages.

Affirmed in part; reversed in part; and remanded.