**PROGRESSIVE BUILDERS, Inc.,
Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**PROGRESSIVE BUILDERS, Inc.,
Appellee.**

**Nos. 14107, 14108.**

United States Court of Appeals District of Columbia Circuit.

Argued May 16, 1958.

Decided June 26, 1958.

Certiorari Denied Nov. 10, 1958.

See 79 S.Ct. 122.

**432**

Mr. Max E. Greenberg, New York City, with whom Mr. Bernard J. Gallagher, Washington, D. C., was on the brief, for appellant in No. 14107 and appellee in No. 14108.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Chester H. Gray, Corporation Counsel, Mr. Milton D. Korman, Principal Asst. Corporation Counsel, and Mr. Oscar P. Mast, Asst. Corporation Counsel, were on the brief, for appellee in No. 14107 and appellant in No. 14108. Messrs. Richard W. Barton and George D. O'Brien, Asst. Corporation Counsel, also entered appearances for appellee in No. 14107 and appellant in No. 14108.

Before REED, Associate Justice of the Supreme Court, retired,[1] and PRETTYMAN and FAHY, Circuit Judges.

1. Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28, U.S.Code.

PRETTYMAN, Circuit Judge.

This is an appeal by Progressive Builders, Inc., and a cross-appeal by the District of Columbia municipal government from a judgment of the District Court in an action for breach of contract. Progressive contracted to build for the District four preliminary sedimentation tanks and four sludge digestion tanks, together with related facilities.

■ Progressive stated three separate causes of action. The first was for $30,600, representing an amount deducted by the District for liquidated damages. The contract provided that for each day of delay in completion of the work the contractor would be liable in the amount of $100.

The trial court found that the extended completion date was May 3, 1951, and that Progressive was responsible for delay from May 3 to August 22, 1951. It further found that the District was primarily responsible for delay from August 23, 1951, to March 4, 1952, the date when the work was accepted, and that Progressive would have been entitled to recover the retained liquidated damages for such latter period of delay except for its failure to give notice of such delay within ten days of the commencement thereof. The court held that notice of the delay was a condition precedent to recovery.

Article 9 of the contract, the provision requiring notice of delay, is specific. It states that the contractor shall not be charged with liquidated damages "if the contractor shall within ten (10) days from the beginning of any such delay (unless the contracting officer, with the approval of the Commissioners shall grant a further period of time prior to the date of final settlement of the contract) notify the contracting officer in writing of the causes of delay". We agree with the trial court that United States v. Cunningham [2] is controlling on the issue whether Article 9 imposes a condition precedent to recovery. The question in that case was whether oral notice met the requirement of a provision similar to Article 9. Having held that oral notice did not comply with the provision, this court reversed the trial court, holding that the contractor was not entitled to damages resulting from delays attributable to the United States, the failure to give written notice being fatal to such recovery. The court discussed the purpose of the provision— "Obviously, the intent of this provision is to inform the government of the cause of delay and afford an opportunity to remove it, and likewise to warn the government of the intention of the contractor to insist upon it as a means of prolonging the stipulated time for completion of the work." [3]

■ Progressive says that it makes no difference whether notice was given, because this contract was severable, and where a contract is severable liquidated damages must be apportioned to the severable parts; that if there is no apportionment the liquidated damages provision fails and only such actual damages as the District can prove may be exacted. The reasoning behind Progressive's argument is that, where a contract contains several covenants and a single sum is named for damages for any breach, such named sum may be grossly disproportionate to the probable damages from the breach. In such a contract the entire provision as to liquidated damages falls and actual damages only may be recovered. We do not have such a contract here. The work here was divided into two units; $100 damages per day as to each unit would not be unreasonable.[4] Where the amount made payable would not be held to be a penalty if it were made payable for breach of each of the undertakings, standing alone, the

2. 75 U.S.App.D.C. 95, 125 F.2d 28 (D.C. Cir., 1941).

3. Id., 75 U.S.App.D.C. at page 97, 125 F.2d at page 30.

4. Progressive's counsel stated on oral argument that the total contract price was in excess of one million dollars.

liquidated damages provision is good. Williston points to "the difficulty of laying down any narrower test than the reasonableness in each particular case of the sum agreed upon as compensation for the breach." [5] In the circumstances of this case we believe the liquidated damages provision here involved is valid.

With regard to the second cause of action the trial court found that Progressive had been damaged to the extent of $45,649.57 as a result of breaches by the District. The court held, however, that Progressive was barred from recovery of the damages, because it did not proceed in accordance with the requirements of Article 15 of the contract. Article 15 provides:

"Except as otherwise specifically provided in this contract, all disputes concerning questions arising under this contract shall be decided by the contracting officer subject to written appeal by the contractor within thirty (30) days to the Commissioners, whose decision shall be final and conclusive upon the parties thereto. In the meantime the contractor shall diligently proceed with the work as directed."

In its opinion the trial court said: "It is conceded that the plaintiff did not proceed in accordance with the requirements of the above quoted Article [Article 15] * * *."

We agree with the trial court that a contractor who has not exhausted his administrative remedies is barred by United States v. Blair[6] from pursuing his cause of action at law. In Blair the suit was for damages for extra labor and materials, excess wages, and miscellaneous costs found to be the result of unauthorized acts and grossly erroneous instructions on the part of Government employees. The pertinent provisions of the contract in that case were identical with Article 15 involved

here. The Court clearly explained its reasons for denying recovery:

"In Article 15 the parties clearly set forth an administrative procedure for respondent to follow. Such a procedure provided a complete and reasonable means of correcting the abuses alleged to exist in this case. Arbitrary rulings and actions of subordinate officers are often adjusted most easily and satisfactory by their superiors. Furthermore, Article 15 provided the Government with an opportunity to mitigate or avoid damages by correcting errors or excesses of its subordinate officers. Having accepted and agreed to these provisions, respondent was not free to disregard them without due cause, accumulate large damages and then sue for recovery in the Court of Claims. Nor can the Government be so easily deprived of the benefits of the administrative machinery it has created to adjudicate disputes and to avoid large damage claims."[7]

Progressive says it would have been futile to pursue the administrative remedy, because (1) the contracting officer had clearly indicated his views on the matter involved and (2) the Commissioners are expressly limited by law[8] to settlements not exceeding $10,000.

Since under Blair an appeal to the contracting officer in case of a dispute is clearly required, Progressive's first point is not well taken; and the fact that the Commissioners are limited in the amount which they may grant in settlement is immaterial to whether the appeal to them is required. Article 15 of the contract affords the Commissioners an opportunity to reduce the potential liability of the District and creates machinery for redress of contractors' grievances. There is no showing by Progressive that, had the appeal been

5. 3 Williston, Contracts 2214 (Rev. ed. 1936).

6. 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944).

7. Id., 321 U.S. at page 735, 64 S.Ct. at page 823.

8. 65 Stat. 131 (1951), D.C.Code § 1–904 (1951 ed., Supp. VI).

taken, the Commissioners would necessarily have affirmed the ruling of the contracting officer. Had the procedure under Article 15 been followed, it is entirely possible that the damages to Progressive would have been substantially lessened.

Progressive's third cause of action was for $6,620, representing the value of extra concrete installed by Progressive at the direction of the District. We agree with the trial court that Progressive was entitled to be paid for this concrete under the terms of the contract.

Affirmed.