Downey, Judge,
delivered the opinion of the court:
We do not regard it as necessary in this opinion to repeat the material facts which are stated in the findings. Indeed, the case might be permitted to rest upon the findings of fact and the conclusion of law but for the fact that right of recovery is asserted upon different grounds, and it is therefore regarded as desirable that the basis of the court’s conclusion should be briefly stated.
The conclusion reached on another point renders it unnecessary to decide the question presented as to whether an amount subsequently found to be due the United States under the contract of May 27,1907, might rightfully have been deducted from the amount due the contractor under the contract of January 17, 1908.
As to the amount of that deduction it is apparent that it is a right asserted not under any provision of the original contract of May 27, but under the provision quoted in the findings from the contracts supplemental thereto extending the time for the performance of the original contract. As to the amount itself, it is plainly apparent that it was an amount of money primarily due the contractor because of his performance of the contract of May 27, as extended, and paid him as such. The right to a subsequent deduction from other moneys found due the contractor is an asserted right *50 under the provision quoted, as to which it seems quite clear that the burden is on the United States.
That right under the provision of the supplemental contracts was a right to deduct from any money due or that might become due the contractor under the original contract the amount of any additional expense incurred by the United States because of the failure of the contractor to perform the contract within the time originally fixed. The only evidence before the court in support of the exercised right of deduction is the departmental certificate, the caption of which is quoted in Finding V. This certificate shows that the amount of the deduction is for the pay and mileage of the members of the inspecting board for all of the time of their service in making inspections under all of the supplemental contracts of extension; in other words, the total expense of inspection subsequent to the time provided in the original contract for the performance thereof. There is no assertion in this certificate, and it does not otherwise appear in the evidence, that any portion of this expense is an expense additional to that which must have been incurred by the United States in the inspection of these horses had the deliveries been made within the original contract period. It is quite apparent from the entire record in the case that had deliveries been made within the original contract period, some portion of this expense, if not all, must necessarily have been incurred, and in the absence of proof that the expense in question, or some portion thereof, was an additional expense made necessary by the extensions of time granted by the supplemental contracts the court can not indulge in presumptions to that effect.
It is urged in support of this deduction that it has been held in similar cases that all expense of inspection subsequent to the expiration of the period provided in a contract for its performance is necessarily to be regarded as additional expense. We do not understand that such has been the holding in any contract of this character. If so, it was clearly unjustified. Where the work to be performed under a contract is of such a nature that expense of inspection attaches continuously during the contract period, it must necessarily *51 follow that expense of inspection subsequent to the.expiration of the original contract period is additional expense. But that theory can not apply in the instant case. The members of the inspecting board were not continuously upon this duty during the original contract period; they were not continuously on duty during the periods of extension; they were on duty a few days at a time when their services were needed, and it nowhere is made to appear that these days of service were in whole or in part additional to the days of service which would have been required in the event of performance within the original contract period. The United States has not sustained its right to the deduction or any part thereof. We, therefore, do not find it necessary to consider the other question raised as to whether or not under other circumstances the United States might charge as an additional expense the pay of an officer of the Army who receives continuously a statutory compensation. Neither do we find it necessary to comment upon or consider the fact that this contractor was charged with mileage of officers in large amounts for repeated trips from points very remote from the place of inspection.
Upon the other feature of the case it is sufficient to say that even if we should conclude that the United States was responsible for delay in delivery under the contract of November 4,1907, and that the contractor was entitled to recover for any additional expense to which he was subjected on account of that delay, the evidence as to that expense is too unsatisfactory to justify any finding by the court in his favor.
It is, therefore, concluded that the claimant is entitled to recover the sum of $2,583.65, and judgment is awarded accordingly.
All judges concur.