Whaley, Judge,
delivered the opinion of the court:
The defendant entered into a contract with one B. O. Stake for the construction of certain additions to hospital buildings of the Veterans’ Administration. at .Lincoln, Nebraska. The work was to be completed in 135 calendar days after receipt of notice to proceed and to be in accordance with the specifications, plans, schedules, and drawings *500 furnished and prepared by the defendant. The contractor was required to and did furnish a bond on the standard Government form, which the plaintiff executed as surety for the faithful performance and fulfillment of “all undertakings, covenants, terms, conditions, and agreements of said contract.” On September 28, 1931, the contractor received notice to proceed, and therefore under the time limit as fixed in the contract, the date for completion was February 10, 1932. When that day. arrived the work was not completed and the contracting .officer, anticipating an accumulation of liquidated damages, notified the contractor by telegram on that day that “Your right to proceed with the work is hereby terminated. ' This is done in accordance with article nine of the contract.” Article 9 of the contract provides: : :
“Aeticle 9.. Delays- — Damages.-—If the contractor refuses or fails to prosecute the work, or' any separable part thereof:, with such diligence as will insure its completion within the time specified in article 1, or any extension thereof, or fails to complete said work within such time, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to whi'ch there has been delay. In such event the Government may take over the work and prosecute the same to completion by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby. If the contractor’s right to proceed is so terminated, the Government may take possession of and utilize in completing the work such materials, appliances, and plant as may be on the site of the work and necessary therefor. If the Government does not terminate the right ,of the contractor, to proceed, the contractor shall continue the work, in which event the actual damages for the delay will be impossible to determine and in lieu thereof the contractor shall pay to the Government as fixed, agreed, and liquidated damages for each calendar day óf delay until the work is completed or accepted the amount as set forth in the specifications or accompanying papers, and the contractor and his sureties shall be liable for the amount thereof. * * *” (Italics ours.) ■
The daily liquidated damages were fixed at $50. When the contractor was notified of the termination of his contract the surety was also served with notice.
*501 From February 10, 1932, to March 12, 1932, no work was performed by the contractor and the Government was in possession and control.
The plaintiff, on March 11, 1932, almost a month after the contract had been terminated, made an offer as surety under the bond to complete the work “within the terms and provisions of the original contract.” The Government accepted the offer and agreed to the contractor named by the surety to complete the work. When the original contract was terminated the Government had the right’ to complete the work and charge against the contractor and his surety the cost of completion and the actual damages it had suffered. It did pursue this course and entered into am other contract with the surety for completion under the specifications and plans of the original contract. The consideration to the surety was-the diminution of its liability for excess costs of completion, and actual damages and to the Government the early completion of the building. This was a distinct and separate contract. Upon the completion the Government still had its right to enforce conditions of the-original contract as to excess cost of completion and actual damages. The surety completed the work but the Government paid only the contract price to the surety., -The Government sustained no excess cost. Its right to recover actual damages sustained still remained upon proof thereof. United States v. United Engineering Co., 234 U. S. 236, 242.
The contractor never abandoned the contract. ■ The Government took the contract away from the contractor, which it had a right to do under article 9. However, when final payment arrived, the Comptroller General deducted from the last payment to the surety $50 a day for each day from the day on which the Government terminated the original contract to the day of acceptance of the work, a period of 118 days, and a total deduction of $5,900.
It must be borne in mind that the contract contained no provision whereby the surety could complete the work upon the failure of the contractor and there was no assignment *502 of the contract to the surety by the contractor. It is an axiomatic principle that the surety’s liability is no greater than his principal’s. In this case the principal’s liability is fixed in the terms of the contract. Under article 9 above quoted both parties agreed that upon failure of the contractor to perform the work within the time fixed in the contract the Government had at its election two courses which it could pursue. The first was to terminate the contract and hold the contractor and his surety for the excess costs of completion and actual damages suffered. The second course was to allow the contractor to continue to perform the contract and to charge him liquidated damages for failure to deliver on time. The amount of this damage both parties had agreed in the contract would be a certain amount for each day completion was delayed from the time fixed for completion. The defendant elected to choose the first of these alternatives and when that decision was made the second alternative disappeared from the picture. It was thereafter mere sur-plusage. Upon the termination of the contract no liquidated damages could be charged to or be recoverable from the contractor. The release of the principal from the liability released the surety.
'“The terms and provisions of the original contract”, so far as they related to these alternatives, had thus been fixed and determined by the contracting officer by the time the second contract was entered into, and the liquidated-damage clause could not have been revived, except by changing the terms of the original contract.
' The -course pursued by the contracting officer in electing to terminate the original contract excludes the liability for liquidated damages.
The plaintiff is entitled to recover the sum of $5,900. It is so ordered.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and BoothyQKief 'Justiee, concur.