Whaley, Judge,
delivered the opinion of the Court:
This case does not involve a question of fact. The only question presented for decision is the construction of Article 9 of the contract with the original contractor.
It appears that on September 27, 1929, the Murphy Plumbing Company entered into a written contract with the defendant to install certain plumbing in the United States Veterans’ Hospital, North Chicago, Illinois, for the total consideration of $72,677.33. The Murphy Plumbing Company, as principal, and the plaintiff, as surety, executed a performance bond in favor of the United States for the faithful performance of the contract. The completion date was fixed as of May 28, 1930, and liquidated damages accrued thereafter.
On April 10, 1930, 48 days before the completion date, the Murphy Plumbing Company notified the defendant it was unable to proceed with the contract. On April 14, the defendant notified the Murphy Plumbing Company and its surety (the plaintiff in this case) that the right of the Murphy Plumbing Company to proceed with the work was terminated in accordance with Article 9 of the contract. The following day, the surety, the plaintiff in this case, telegraphed the Veterans’ Bureau that if it would abrogate the contract with its principal and tender completion to it, as surety, it would immediately undertake completion and also expressed the desire to commence work at once. In *373 the letter written to the Bureau by its agent, the surety expressed the desire to undertake the work as the contract, with the Murphy Plumbing Company has “been officially terminated” and the desire of a tender by the defendant to the surety company of the right to complete the contract. The surety also insisted as one of the conditions of undertaking the completion of the contract that all moneys be paid directly to it and not to the Murphy Plumbing Company. This undertaking on the part of the surety was in consideration of the balance due on the contract. Throughout the entire correspondence the surety insisted that the contract with the Murphy Plumbing Company be terminated before it would undertake to enter into a contract with the Government for completion.
The Government sent a formal written contract with a performance bond to the surety for execution. The surety company declined to execute this contract taking the position that it had agreed with the Government to complete the work remaining unperformed by the Murphy Plumbing-Company. Immediately upon tender by the Government, to the surety of the contract to complete the work and its acceptance by the surety, the latter entered into a contract with the Gormley Company in consideration of the amount remaining unpaid on the Murphy Plumbing contract and with the agreement that the Gormley Company complete the work within the time limit specified in the Murphy Plumbing Company contract.
The work was not completed within the time specified and the Government imposed upon the surety liquidated damages for 42 days’ delay in the amount of $1,680.00. This suit is brought for the recovery of this amount and the solution of it requires an interpretation of Article 9 of the contract which reads as follows:
Article 9. Delay's — Damages.—If the contractor refuses or fails to prosecute the work, or any separable part thereof, with such diligence as will insure its completion within the time specified in Article 1, or any extension thereof, or fails to complete said work within such time, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to which there has *374 been delay. In such event, the Government may take over the work and prosecute the same to completion by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby. If the contractor’s right to proceed is so terminated, the Government may take possession of and utilize in completing the work such materials, appliances, and plant as may be on the site of the work and necessary therefor. If the Government does not terminate the right of the contractor to proceed, the contractor shall continue the work, in which event the actual damages for the delay will be impossible to determine and in lieu thereof the contractor shall pay to the Government as fixed, agreed, and liquidated damages for each calendar day of delay until the work is completed or accepted the amount as set forth in the specifications or accompanying papers and the contractor and his sureties shall be liable for the amount thereof: Provided, That the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God, or of the public enemy, acts of the Government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather or delays of subcontractors due to such causes: Provided further, That the contractor shall within ten days from the beginning of any such delay notify the contracting officer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties hereto.
The only right to terminate the contract is found in this article. It provides that should the contractor refuse or fail to prosecute the work the Government has the right to terminate the contract, take over the work and prosecute the same to completion by contract or otherwise and the contractor and Ms sureties shall be liable for any excess cost occasioned the Government thereby. The second course the *375 Government has is provided in the next sentence which reads “If the Government does not terminate the right of the contractor to proceed * * *” then the contractor shall pay to the Government liquidated damages of a certain fixed sum for each day the contract is unperformed after the completion time has expired. The termination of the contract eliminates the liquidated damage clause. The election of one disposes of the other.
This case differs very slightly in its facts from the case of The Fidelity and Casualty Company, 81 C. Cls. 495, and basically is the same. In the Fidelity case the time limit had been reached and the contractor had not abandoned the contract when the Government terminated the contractor’s right to proceed and subsequently allowed the surety to complete the contract. We held in that case no liquidated damages were recoverable.
In this case, it is true, the time for completion had not been reached and the contractor had abandoned the contract when the Government exercised its right under Article 9 to terminate the contract and subsequently award its completion to the surety. Under the termination clause in both cases the surety was only liable for any excess cost occasioned the Government by the exercise of this right. The correspondence between the surety and the Government, which makes the new contract for completion, clearly shows that the surety would not undertake the performance of the contract unless and until the contract with its principal had been definitely terminated. This is emphasized in the demand that all checks for future work be paid to it directly. If the original contract were in force the principal, and not the surety, would have been entitled to payment regardless of whether the work was performed by the principal or surety. The fact that the Government terminated the contract is controlling and when that right was exercised the provision for liquidated damages went out of the contract. The Government was not subjected to any excess cost.
The suggestion that contractors, finding it impossible to complete on time, may refuse to perform and thereby avoid the liquidated damage clause cannot be taken into con *376 sideration. The fault, if any, is in the contract and not in the interpretation of its provisions.
The plaintiff is entitled to recover. It is so ordered.
Williams, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice., concur.