Whaley, Chief Justice,
delivered the opinion of the Court:
Plaintiff was the surety on the bond of H. G. Christman Company which entered into a contract with the defendant for the erection of buildings and certain other work for the Veterans’ Administration Hospital at Des Moines, Iowa, in accordance with the specifications, schedules, and drawings, made a part of the contract, in consideration of the sum of $661,500.
The contractor agreed to commence work 10 calendar days after the date of receipt of notice to proceed and to complete the contract within 250 calendar days after receipt of notice except that the Storehouse and garage building No. 10, radial brick chimney, steam tunnel, and sufficient work on Boiler house building No. 11 to permit installation of boilers and equipment, would be completed 90 days prior to the completion date of the entire contract.
The contractor was notified to proceed with the work on July 9, 1932, and the receipt of this notice fixed December 16, 1932, as the completion date for Storehouse and garage building No'. 10, radial brick chimney, steam tunnel, and sufficient work on Boiler house building No. 11 to permit installation of boilers and equipment, and March 16, 1933, as the completion date for buildings No. 1 to 9, inclusive.
There were certain delays during the months of August, November, December 1932, and February 1933, and an extension of time amounting to 34 days was allowed by the contracting officer for these delays. With these extensions the completion date for the Storehouse and garage building No. 10 and other work was fixed at January 19, 1933, and the contractor was allowed until April 19,1933, to complete Buildings No'. 1 to 9, inclusive.
*238 The contractor finished the work on the Storehouse and garage building No. 10, radial brick chimney, steam tunnel, and sufficient work on Boiler house building No. 11 to permit installation of boilers and equipment, on February 16, 1938, which was 28 days after the completion date as extended.
On February 24, 1933, the contractor stopped work, and on March 3,1933, notified the Government that it was unable to resume the performance of the contract work. On March 7, 1933, the contracting officer terminated the contract.
On March 10, 1933, plaintiff made an offer, as surety under the bond, to complete the work within the terms and provisions of the original contract and all modifications thereof, provided that amounts due and to become due under said contract and modifications thereof would be paid to it. The defendant accepted this offer on March 14, 1933.
When the work was discontinued by the Christman Company, there were certain amounts due it, representing monthly estimates of work performed and also retained percentages and there were due by the contractor liquidated damages of $4,200, being $150 a day for 28 days for its failure to complete this part of the work on time.
Plaintiff completed the unfinished portions of the contract work which it had taken over and liquidated damages of $8,700 were assessed against it because of the failure to complete within the contract time. Defendant, on the work completed by the surety, sustained excess costs and actual damages amounting to $1,200.71. The defendant, in final settlement with the plaintiff, has retained $4,200 as liquidated damages due by the Christman Company for 28 days’ delay in completion of that part of the work which was to be completed by January 19, 1933, but has returned to plaintiff the $4,500 assessed as liquidated damages for the delay in final completion.
Plaintiff admits that the Government’s counterclaim for $1,200.71 represents the excess cost which the Government has sustained by reason of its failure to complete the work which it undertook within the time limit. It contends, however, that the liquidated-damage clause applies to the entire *239 contract and not to the separate portions of it; that the amount of $4,200, which was assessed against the account of the Christman Company, its principal, is unwarranted, for the reason that when the contract was cancelled by the Government under Article 9 the liquidated-damage clause disappeared from the contract; and that the contract was not subject to division but must be treated as a whole. ■
Plaintiff knew when the bond was issued of the completion dates of the respective portions of the contract and that certain buildings were to be completed at an earlier date than the completion date of the entire contract. The failure to complete the first part may have caused the Government more expense and inconvenience than delay in completion of the second part. When plaintiff assumed completion of the contract after its cancellation, and agreed to complete the contract according to its terms and conditions, it was aware that liquidated damages for delay were due by its principal. It undertook to perform the work with this knowledge.
A somewhat similar case is Wise v. The United States, 249 U. S. 361, 367, where there were two buildings to be erected for the Agriculture Department and a liquidated-damage clause was inserted at a certain sum per day for each day’s delay. It was held that the liquidated-damage clause applied to either or both buildings in case of delay. The Supreme Court said:
There is nothing in the contract or in the record to indicate that the parties did not take into consideration, when estimating the amount of damage which would be caused by delay, the prospect of one building being delayed and the other not, and the amount of the damages stipulated, having regard to the circumstances of the case, may well have been adopted with reference to the probability of such a result.
In the case now before us the assessment of liquidated damages for the failure to complete the first unit was within the terms of the contract and was due when plaintiff undertook to complete the contract work.
The liquidated-damage clause disappeared from the contract after the contract was cancelled by the Government, *240 not before. The plaintiff did not pay any damages for delay in that part of the project it took over. Fidelity & Casualty Company v. United States, 81 C. Cls. 495.
But plaintiff was liable under Article 9 of the contract for any excess cost and therefore the amount of excess cost to which the Government was put is recoverable. The defendant has set up a counterclaim for this amount which plaintiff admits is correct.
The plaintiff is not entitled to recover.
The defendant is entitled to recover the sum of $1,200.71.
Judgment will be entered for the defendant in the sum of $1,200.71. It is so ordered.
LittuetoN, Judge; and GreeN, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.