Green, Judge,
delivered the opinion of the court:
This is a suit to recover the balance, amounting to* $14,712.89, withheld by the defendant upon a completed construction contract with the United States.
*142 The Continental Contracting Company, Inc., entered into a contract with the defendant on October 17, 1938, for the installation of an extension to the existing steam heating plant and installing a new steam distribution system at the Naval Ammunition Depot, Fort Mifflin, Pennsylvania, the contract price with extras amounting to $60,707.56. • The plaintiff executed a surety bond for the purpose of the contract in the sum of $28,500.00. The time for completion of the contract was originally May 18, 1934, but by reason of change orders it was extended to October 9, 1934. -
Defendant becoming dissatisfied with the manner of the contractor’s performing the work, on August 1, 1934, terminated the contractor’s right to proceed and called upon the plaintiff for the completion thereof, at which time there was unexpended on the contract the sum of $28,053.31.
Plaintiff completed the work to the entire satisfaction of the defendant and in so doing expended a sum in excess of $28,053.31, but received from the defendant on account thereof only $13,340.42, leaving on hand unexpended the sum of $14,712.89 and causing the plaintiff to sustain a loss in excess of that amount in completing the contract. The suit is to recover the unexpended balance of the contract price.
The contract which is the subject matter of this suit is also the subject matter of another case pending in this court, No. 43163. The defendant in making payment on the contract failed to pay:
(1) $10,312.48, the payment of which was approved August 7,1935, by the Navy Department, and on September 18, 1935, forwarded to the General Accounting Office for direct settlement;
(2) $3,000.00 deducted by the Navy Department from the final voucher as liquidated damages for sixty days’ delay in completing the contract at the rate of $50.00 per day;
(3) $130.00 penalty assessed against the Continental Contracting Company for working men in excess of eight hours.
(4) $1,270.41 wage claims alleged to be due to workmen by the contractor.
There is no dispute between the parties but that the plaintiff is entitled to recover the sum of $10,312.48. The only *143 not paid is assigned in a letter to the General Accounting Office, stating that the Continental Contracting Company has filed a suit against the defendant for this amount and that no settlement can be made of this claim so long as the suit of the Continental Contracting Company is pending. Manifestly, this is not a good defense and this is conceded.
The defendant also has withheld $3,000.00 as liquidated damages for sixty days’ delay which occurred in completing the contract; but the defendant, having before the time was up, terminated the contractor’s right to proceed and engaged another party to complete the contract, cannot recover liquidated damages for the delay. (See The Fidelity and Casualty Company of New York v. United States, 81 C. Cls. 495, and Commercial Casualty Insurance Company, a Corporation, v. United States, 83 C. Cls. 367.) Counsel for defendant, in effect, concede that these decisions are adverse. Plaintiff, therefore, will also be entitled to recover on this matter.
As before stated, a third deduction that the defendant made in paying the plaintiff was $130.00, a penalty assessed against the Continental Contracting Company for working men in excess of eight hours, and the fourth deduction was the sum of $1,270.41 for “wage claims due to workmen by the contractor.”
There is no evidence as to what the facts were with reference to any of the employees being worked over eight hours, or as to whether any of the workmen were not paid the full amount due them. The allowance of these items depends on whether there is any presumption, in the absence of evidence, that the acts of the Government officials in making the deductions were justified by the facts. The argument of the plaintiff assumes that there was a certain amount due on the contract when completed which is not affected by violation of the contract by the original contractor with respect to the two items mentioned above. This, we think, is erroneous. So far as the deduction on account of working overtime is concerned, the law specifically provided that it should be withheld. In making the deduction, defendant’s officials purported to act in accordance with the law, and being pub- *144 lie officials we think the is that they did act in accordance with the statute in making the deduction and that it was for the plaintiff to show that the deduction was not authorized. Having failed to do this, it cannot recover on this item.
With reference to the deduction of $1,270.41 for wage claims due workmen by the contractor, the case is different.
This deduction was not made under any statute but under the contract which provided that all employees on the work should be paid just and reasonable wages and that skilled labor should be paid not less than $1.20 per hour and unskilled labor not less than $0.50 per hour. The contract also contained the following provision:
Art. 16. (e) The contracting officer may withhold from the contractor so much of accrued payments as may be necessary to pay to laborers or mechanics employed by the contractor or any subcontractor on the work, the difference between the rate of wages required by this contract to be paid to laborers or mechanics on the work and the rate of wages actually paid to such laborers and mechanics.
. There is no evidence to show what amount was paid the workmen who were employed by the contractor, but the burden of proof is on the plaintiff to show that the contractor complied with the provisions of the contract. This it has failed to do, and we think it can not recover on account of this deduction.
Our conclusion, therefore, is that the plaintiff is entitled to recover only the two items of $10,312.48 and $3,000.00, referred to above, or a total of $13,312.48, for which judgment will be rendered accordingly.
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in this decision.