Jones, Judge,
delivered the opinion of the court:
This case is submitted on stipulated facts. No testimony was taken.
*252 Two questions are presented:
1. In a defaulted construction contract may the Government collect liquidated damages for the period that elapsed after the time provided for the completion of the contract and before the time the Government exercised its option to terminate the right of the contractor to proceed with the contract; and also collect the excess costs which were incurred by the Government in completing the contract?
2. May the Government charge against the contract as a part of the excess costs the salary of a regularly employed architect who remained on the job continuously during the time the Government was actually engaged in completing the work?
The first question depends upon the construction of the contract.
Article I of the contract provided in general terms liquidated damages for delay in the completion of the contract at the rate of $35 per day for each calendar day after the time set for completion until the work should be completed and accepted.
Article IX of the contract is as follows:
If the contractor refuses or fails to prosecute the work, or any separable part thereof, with such diligence as will insure its completion within the time specified in article 1, or any extension thereof, or fails to complete said work within such time, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to which there has been delay. In such event the Government may take over the, work and prosecute the same to completion, by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby. If the contractor’s right to proceed is so terminated, the Government may take possession of and utilize in completing the work such materials, appliances, and plant as may be on the site of the work and necessary therefor. If the Government does not terminate the right of the contractor to proceed, the contractor shall continue the work, in which event the actual damages for the delay will be impossible to determine, and in lieu thereof the contractor shall pay to the Government as fixed, agreed, and liquidated *253 damages for each calendar day of delay until the work is completed or accepted the amount as set forth in the specifications or accompanying papers and the contractor and his sureties shall be liable for the amount thereof: Provided, That the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God, or of the public enemy, acts of the Government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather or delays of subcontractors due to such causes: Provided further? That the contractor shall within 10 days from the beginning of any such delay notify the contracting officer in writing of the causes of delay, who shall ascertain the. facts and the extent of the delay and extend the time for completing the work when in his judgment the findings of fact justify such an extension, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within 30 days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay and the extension of time for completing the. work shall be final and conclusive on the parties hereto.
The time set for completing the contract after allowing for work order changes and inclement weather, which are not involved here, was November 24, 1936.
On February 23, 1937, the Government gave notice to the contractor that his right to proceed with construction under the contract was terminated because of unsatisfactory progress. On March 13, 1937, the surety company advised the Government that it did not desire to complete the contract. Thereupon the Government took over the work and prosecuted the same to completion.
In making settlement with the surety company the Government withheld $3,185 as liquidated damages at $35 per day for the 91 days between November 24, 1936, and Feb-x’uary 23, 1937. It also deducted $4,994.16 as excess costs incurred in the completion of the contract, and in addition thereto, as a part of the excess costs, $826.65 architect’s *254 salary for the inspection of the work while the defendant was completing the contract.
The Government’s counsel contends that under the terms of the contract it was permitted to recover the liquidated damages for the 91-day period; that these damages had accrued under the terms of the contract before notice of termination and that after the termination the Government is entitled to excess costs.
We think that Article I and Article IX must be construed together.
Article IX being the specific provision should be controlling.
Article IX gives the Government the choice of permitting the contractor to continue and collecting $35 per day as liquidated damages for delay, or of pursuing the other course by taking over and finishing the work, and collecting the excess costs incurred in the completion of the contract.
By its terms it does not give the Government the right to collect both.
The defendant having exercised its right to terminate the contract and to proceed with its completion, it thereby waived its claim to liquidated damages. Fidelity Casualty Co. of New York v. United States, 81 C. Cls. 495; Commercial Casualty Insurance Co. v. United States, 83 C. Cls 367; American Employer's Insurance Company of Boston v. United States, 91 C. Cls. 231; U. S. for Use and Benefit of General Lighterage Company v. Maryland Casualty Co., 25 Fed. Supp. 778.
In each of these cases the work was completed after the Government had terminated the right of the contractor to proceed. In the Fidelity case, supra, the Government terminated the contract on the day that had been fixed for completion of the work. In each of the cases the work was actually completed after the date that had been fixed in the contract. In each of the cases the Government had been subjected to whatever damages might have been caused by the delay in completing the contract. It was held, however, that since the contractor’s right to proceed in each case had been terminated, the defendant had chosen *255 its course of procedure and would be limited to tbe excess costs incurred in the completion of the work. The General Lighterage Company case, supra (District Court, Maine), is in all respects similar to the case at bar. The issues involved in the two cases are identical.
The instant case is clearly distinguishable from the American Employer's Insurance Co. case. In the latter case, a separable portion of a divisible contract which was to be completed at an earlier date had already been completed, but not within the date specified in the contract. The liquidated damages that attached to the delay in construction of that particular building had already accrued and had become due prior to the date of cancellation. The cancellation, therefore, was as to the other portion of the contract.
Defendant’s counsel contends that if this construction is allowed to prevail, the contractor could avoid liquidated damages by stopping just before the completion of a contract and forcing the Government to finish the contract, in which event the Government would not be able to collect the damages for the delay.
It might be said just as logically that the Government might by delay where the contractor was making little effort to complete the contract, collect the entire amount of the contract in liquidated damages. Both of these, propositions assume bad faith. No bad faith is alleged here.
The defendant had the right to terminate the contract at any time after November 24, 1936. It did not choose to do so until February 23, 1937. At that time it did exercise its choice, and having done so, was bound thereby. The defendant therefore is not entitled to charge the item of $3,185 as liquidated damages.
As to the second proposition, the question of the architect’s salary: It was necessary for an architect to be continuously on the job throughout the entire period during which the contractor was working. It was necessary for the architect to remain and he did remain on the job continuously during the entire time the Government was engaged in completing the contract. The Government asks to deduct the salary of the architect only for the period *256 during which it was engaged in the actual work of completing the contract. This entire period was after the time set for the completion of the contract. We find that the services of the architect during this latter period were necessary and a part of the excess costs. The defendant, therefore, should be allowed to deduct this item of $826.65 as a part of the excess costs. Nalle v. United States, 51 C. Cls. 43, 50.
The defendant is entitled to deduct the sum of $4,994.16, plus the item of $826.65, a total of $5,820.81, representing the excess costs of completing the contract.
After deducting the excess costs there is a balance due plaintiff of $3,185, the amount incorrectly deducted as liquidated damages, and $300.60, the amount which defendant admits is due, or a total of $3,485.60. Judgment will be entered for the plaintiff for the sum of $3,485.60.
It is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.