## UNITED STATES v. GROGAN et al.

### No. 203.

District Court, D. Montana.

July 22, 1941.

820

John B. Tansil, U. S. Atty., of Billings, Mont., and R. Lewis Brown, Asst. U. S. Atty., of Butte, Mont., for plaintiff.

Sterling M. Wood, Robert E. Cooke, and Fredric Moulton, all of Billings, Mont., for defendant Surety Co.

PRAY, District Judge.

The defendant Surety Company in the above entitled cause submits a motion to strike from the complaint all of paragraph XI thereof for the reason that the matters therein alleged are redundant and immaterial. To sustain the motion defendant cites article 9 of the construction contract pleaded as an exhibit in the complaint, and alleges that it is identical with a like numbered article 9 included in a certain construction contract construed by the Court of Claims of the United States in the case of Fidelity & Casualty Company of New York v. United States, 81 Ct.Cl. 495, wherein the Court held: "In this case the principal's liability is fixed in the terms of the contract. Under article 9 above quoted both parties agreed that upon failure of the contractor to perform the work within the time fixed in the contract the Government had at its election two courses which it could pursue. The first was to terminate the contract and hold the contractor and his surety for the excess costs of completion and actual damages suffered. The second course was to allow the contractor to continue to perform the contract and to charge him liquidated damages for failure to deliver on time. The amount of this damage both parties had agreed in the contract would be a certain amount for each day completion was delayed from the time fixed for completion. The defendant elected to choose the first of these alternatives and when that decision was made the second alternative disappeared from the picture. It was thereafter mere surplusage. Upon the termination of the contract no liquidated damages could be charged to or be recoverable from the contractor. The release of the principal from the liability released the surety." Therefore, in the instant case, the defendant surety claims that since the Government elected to complete the work and sustained damages, as alleged, in the sum of $2,195.12, being the difference in cost between the contract price and the amount expended by the Government, the rule of the above cited case would apply, and the Government would have no right to recover liquidated damages.

As another ground for the elimination of paragraph XI defendant cites Clifton v. Willson, 47 Mont. 305, 132 P. 424, claiming that under Montana law one seeking to recover liquidated damages must allege and prove facts indicated in sections 7556 and 7557, R.C.M.1935. But in article 9 of the present contract the substance of the provisions of both sections of the statute above referred to, are embodied by agreement in the following language: "If the Government does not terminate the right of the Contractor to proceed, the Contractor shall continue the work, in which event the actual damages for the delay will be impossible to determine and in lieu thereof the Contractor shall pay to the Government as fixed, agreed, and liquidated damages for each calendar day of delay until the work is completed or accepted the amount as set forth in the specifications or accompanying papers and the Contractor and his sureties shall be liable for the amount thereof."

Further allegations and proof of the facts where the parties themselves have agreed precisely in the terms of the statute would seem to be unnecessary. The case cited refers to a contract for liquidated damages, not including the exception contained in section 7557, which provides: "The parties to a contract may agree therein upon an amount which shall be presumed to be an amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." But it must be remembered that this is not a suit between private parties, but a suit by the United States to enforce its contract in its own court in respect to its property rights and that the federal statutes and decisions would therefore control.

There is nothing in the complaint from which it might be inferred that the contractor abandoned his contract, on the contrary it does appear that he was allowed to continue long after the date when he had agreed to complete the work. This would indicate that the contractor continued under his contract, with the consent of the Government, after the expiration date of the contract, thereby becoming liable for the damage agreed upon for every day's delay after the expiration date.

The time for completion of the contract, after certain extensions had been granted, was June 20th, 1933. In paragraph VIII of the complaint it is alleged that the contractor had not completed the contract on June 20th, 1933, and that he had not completed all of the work he was required to do under the contract on July 20th, 1934, and that because of his breach, on July 20th, 1934, plaintiff notified the defendant contractor, that his right to proceed further under the contract was terminated on that date. It seems apparent that no further delay could be permitted and consequently the contractor and surety were notified on July 20th, 1934, that the right to proceed further under the contract was terminated. In view of these facts would not the Government under the contract have the right to claim the amount agreed upon for each day of delay from June 20th, 1933, to July 20th, 1934. The facts in this case are different from those appearing in the authority cited from the Court of Claims. In that case, on the date when the work was to have been completed, towit: February 10th, 1932, the Government notified the contractor that his right to proceed with the work was terminated in accordance with article 9 of the contract. The contractor was not permitted to continue after that date and the Government took possession. The Government then entered into a new contract with the surety for the completion of the work, although not authorized so to do under the original contract, and no assignment had been made thereof by the contractor to the surety. The Court there held that the liquidated damage clause could not have been revived except by changing the terms of the original contract, which provided that the contractor should pay liquidated damages for each calendar day of delay until the work was completed or accepted, when he was allowed to continue after the date fixed for completion.

From a consideration of the facts in the two leading cases relied upon by counsel, this Court is not prepared to hold that they are greatly in conflict, and that the decisions can not be reconciled. In the Court of Claims case the Government stopped the work on the date when it was to have been completed, but was not completed. Under that certain state of facts disclosed, having exercised one of the remedies it might be doubtful whether the other would be available. Here the contractor was given opportunity to complete the work for thirteen months after the date agreed upon for completion, and allowed to remain in full control until the Government apparently was forced to take over the work to protect its own interests, with no prospect of the contractor being able to perform his contract. In considering the last case cited by counsel for plaintiff (United States v. Continental Casualty Co., D.C., 29 F.Supp. 598, affirmed 5 Cir., 113 F.2d 284) it appears that the principal facts there are much like the facts in the present case, and it is evident that both Courts in construing paragraph 9 in that case, which is the same as paragraph 9 in this case, held in effect that the Government was accorded two remedies, both of which could be exercised in a proper case and both of which were exercised in the case cited, as plaintiff is seeking to do in this case. If the Court were to hold to defendant's theory the Government would be deprived of recovering the amount agreed upon for delay after waiting for thirteen months after date of expiration for the Contractor to finish his work.

In the Court's opinion the motion to strike should be denied, and it is so ordered. In the event other pertinent authorities may be discovered by counsel, the question here may again be considered at the trial.