Whitaker, Judge,
delivered the opinion of the court:
Plaintiff was the surety on a performance bond given by the Elkas Construction Company for the faithful performance of its contract with the defendant for the construction of earthwork in the Upper Yazoo and White River Levee Districts. Upon the contractor’s default in the performance of its contract the defendant terminated its right to proceed and let a contract to another contractor for the completion of the work. The defendant later deducted from the amount due the first contractor both the excess cost of completion and liquidated damages for delay. This suit is to recover the liquidated damages deducted.
The completion date of the contract was December 1,1936, for item R-365A-1 of the contract, and December 15, 1936, for item L-275. Neither item had been completed on January 6, 1937, when the work was suspended due to inclement weather and high water. Upon receipt of notice to resume work the contractor notified defendant it was unable to complete the contract “because of financial difficulties contributed to by unavoidable delays in the prosecution of the work. * * *”
The defendant gave the surety notice of this letter from the contractor, advised it, “The contractor’s default does not constitute a termination of the contract,” and asked it if it intended to complete it. The surety declined the privilege of doing so; whereupon, the defendant wrote it and the contractor, “* * * you are advised that under provisions of article 9 of the contract your right to proceed with the work was terminated by the Chief of Engineers, U. S. Army, on June 9,1937, * *
The Supreme Court held in United States v. American Surety Company, 322 U. S. 96, 100-101, that the rights given by article 9 were alternative, and that where the defendant chose to avail itself of the right to terminate the contract, *680 it could not also deduct liquidated damages, which, was a right it had only where it chose the second alternative of allowing the contractor to proceed to complete the work, although late in doing so. Only in the latter event, it was held, was it entitled to liquidated damages.
But the defendant in this suit says article 9 has no application to a case'where the contractor’s right to proceed with the work is terminated because of his refusal to proceed further. We do not so read the article. It reads: “If the contractor refuses or fails to prosecute the work, or any separable part thereof, with such diligence as will insure its completion within the time specified * * *” [italics ours], the Government may terminate its right to proceed. The article, therefore, applies not only to a failure to proceed with diligence, but also to a refusal to do so.
The defendant says the article has application only to a case where the contractor is proceeding with the work, but not with diligence, and has no application to a case where he refuses to proceed at all. This is plainly incorrect. What the Government was trying to secure by this article was the finishing of the work on time. It did not get this any the less when the contractor refused altogether to go on with the work than when he was merely dilatory in doing so. In order to get its job done on time it reserved to itself the right to terminate the contractor’s right to proceed and to give the job to someone else where it appeared the contractor was not going to get the work done on time. Manifestly, it would wish to avail itself of this remedy just as much in a case where the contractor refused to proceed at all as in a case where he was proceeding too slowly.
Diligence is no absolute word; there may be great diligence, a lesser degree, still lesser and lesser, and it may fade away into a complete want of it. Whatever the degree, the Government desired the right to terminate the contractor’s right to proceed, to give the work to someone else, and get its building when it wanted it. Is there any reason to believe the Government desired this right when there was a complete want of diligence and did not desire it when the contractor refused to go on with the work at all?
We think article 9 is applicable to the situation presented *681 in this case; but if the defendant is right in saying article 9 has no application to such a case, then in such case there is no provision anywhere in the contract for liquidated damages, and the defendant was, therefore, without contractual authority to deduct them.
Defendant is clearly wrong in saying that the liquidated damages set out in the contract is any proof of actual damages, which it claims the right to recover, in any event. The contract itself negates this. It says, “* * * the actual damages for the delay will be impossible to determine, * * *” and for this very reason the parties agreed on liquidated damages. Actual damages might be much more, much less, or the same as liquidated damages. What they actually were, we do not know.
It is no answer to say that this construction of the contract leaves it within the power of the contractor, by abandoning the contract, to escape liquidated damages altogether. This means of escape was recognized by the Supreme Court in the American Surety Company case, supra, but it nevertheless held that liquidated damages could not be deducted where there had been a termination of the contract.
We are of opinion that article 9 is applicable to the situation presented in this case and that under the decision in the American Surety Company case, supra, the Government, having terminated the contractor’s right to proceed, was not entitled to deduct liquidated damages. This we expressly held in the case of Commercial Casualty Co. v. United, States, 83 C. Cls. 367, where the facts were the same as here. Cf. John M. Whelan & Sons Co. v. United States, 98 C. Cls. 601.
Plaintiff is entitled to recover from the defendant the amount deducted, which was the sum of $1,180.00. Judgment for this amount will be entered. It is so ordered.
Madden, Judge; Whaley, Chief Justice; and Booth, Chief Justice (retired), recalled, concur;